**Joseph KIGGUNDU, Plaintiff–Appellant**

v.

**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC.; Merscrop, collectively as Mers; Bank of New York Mellon, Trustee; Bank of America/BAC Home Loans, formerly known as Countrywide Bank; Real Time Solutions; Barret, Daffin, Frappier & Engel, L.L.P.; Rex Kesler; T. Reder; J. Follis; N. Sanchez, Trustees, Defendants–Appellees.**

No. 11–20533
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

March 27, 2012.

Joseph Kiggundu, Spring, TX, pro se.

Jeffrey Ray Seewald, McGlinchey Stafford, P.L.L.C., Steven A. Leyh, Robert MacNaughton, Leyh & Payne, L.L.P., Houston, TX, Ryan J. Browne, Esq., Reyes Browne, Dallas, TX, for Defendants–Appellees.

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM: *

Joseph Kiggundu sued various defendants alleging that they were improperly attempting to foreclose on his property and asserting numerous federal and state law claims. He now appeals the district court's denial of his motion for summary judgment and grant of summary judgment in favor of the defendants, decisions we review de novo. *See Nickell v. Beau View of Biloxi, L.L.C.,* 636 F.3d 752, 754 (5th Cir.2011). Summary judgment is appropriate if the evidence shows that there is no genuine dispute as to any material fact

and the movant is entitled to judgment as a matter of law. *Id.;* FED.R.CIV.P. 56(a). We view all facts and draw all inferences in the light most favorable to the party opposing summary judgment. *Dillon v. Rogers,* 596 F.3d 260, 266 (5th Cir.2010).

The district court determined that one of the defendants, the Bank of New York, had the authority to foreclose on Kiggundu's property and rejected most of Kiggundu's claims on the basis that he had not shown that the defendants did anything improper. In support of their contention that there was a basis to foreclose on Kiggundu's property, the defendants presented to the court the original promissory note, the original deed of trust, and a document assigning the deed of trust to the Bank of New York, all of which were in the Bank of New York's possession. Kiggundu now argues that these documents were fabricated, the defendants' attorneys lied and acted inappropriately, and that the undisputed evidence did not support the court's determination that the Bank of New York had authority to foreclose.

Kiggundu put forward no evidence that the documents submitted by the defendants were falsified or fraudulent or that the attorneys did anything improper. Thus, the district court was entitled to rely on this evidence. *See Fowler v. Smith,* 68 F.3d 124, 126 (5th Cir.1995) (explaining that on summary judgment, evidence may be considered as long as it would not be excludable at trial). Because the note was endorsed in blank and the Bank of New York was in possession of the note, under Texas law, the Bank of New York was entitled to collect on it. *See* TEX. BUS. & COM.CODE §§ 1.201(b)(21), 3.204, 3.205.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Moreover, under Texas law, the mortgage follows the note. *Lawson v. Gibbs*, 591 S.W.2d 292, 294 (Tex.App.1979); *see United States v. Vahlco Corp.*, 720 F.2d 885, 891 (5th Cir.1983). Thus, the Bank of New York was authorized to foreclose on the property when Kiggundu defaulted. Though Kiggundu attacks the validity of the assignment of the mortgage document—the deed of trust—to the Bank of New York, this argument is beside the point. It was sufficient for the Bank of New York to establish that it was in possession of the note; it was not required to show that the deed of trust had been assigned to it. *See Gilbreath v. White*, 903 S.W.2d 851, 854 (Tex.App.1995).

To the extent that the district court rejected some of Kiggundu's claims on grounds other than Kiggundu's failure to show that the Bank of New York was not authorized to foreclose, Kiggundu has not challenged these determinations. Thus, he has abandoned these issues, and we do not address them. *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir.1999).

AFFIRMED.