# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-20639
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 3, 2014

CHARLES AUSTIN WHITTIER, III; YVETTE E. WHITTIER,

Lyle W. Cayce
Clerk

Plaintiffs – Appellants

v.

OCWEN LOAN SERVICING, L.L.C.; DEUTSCHE BANK NATIONAL
TRUST COMPANY; MERSCORP, INCORPORATED,

Defendants – Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-cv-03095

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Charles and Yvette Whittier brought suit raising federal and state law claims against the bank and loan servicing companies that were involved in the foreclosure on their property. The district court granted the defendants' motion for summary judgment. We AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-20639

FACTS AND PROCEDURAL HISTORY

In September 2004, the Whittiers obtained a $264,000 loan from Fremont Investment & Loan to purchase property in Houston, Texas. To obtain the loan, the Whittiers executed an adjustable rate note made payable to Fremont. Fremont's Senior Vice President indorsed[1] the note in blank. The Whittiers also executed a deed of trust which identified the Whittiers as the borrowers and Fremont as the lender. The deed of trust further identified MERS as a nominee for Fremont and its successor and assigns and as a beneficiary under the instrument.

Fremont assigned its servicing obligations to Litton Loan Servicing in March 2005. In 2007, the Whittiers and Litton agreed to convert their adjustable rate mortgage to a fixed rate mortgage. In November 2011, Litton transferred the loan servicing rights to Ocwen Loan Servicing.

In 2012, MERS assigned the deed of trust to Deutsche Bank. After the Whittiers defaulted, Deutsche Bank accelerated the note and foreclosed. In July 2012, the Whittiers filed suit against the defendants in Texas state court to halt the foreclosure proceedings. The defendants removed the case to the United States District Court for the Southern District of Texas based on federal question and diversity jurisdiction. Following removal, the Whittiers filed an amended complaint, seeking declaratory relief and asserting causes of action for violations of the Texas Debt Collection Act ("TDCA"), the Real Estate Settlement Procedures Act ("RESPA"), and the Texas Deceptive Trade Practices Act ("DTPA"); breach of contract; negligent misrepresentation; and promissory estoppel. Both parties filed motions for summary judgment. The district court granted the defendants' motion on all claims. The Whittiers now appeal.

---

[1] We use the spelling "indorse" and "indorsement" to be consistent with Texas statutes.

2

No. 13-20639

DISCUSSION

This court reviews a grant of summary judgment *de novo*, applying the same standard as the district court. *Haverda v. Hays Cnty.*, 723 F.3d 586, 591 (5th Cir. 2013). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). There is a genuine dispute of material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In making this determination, this court must "consider evidence in the record in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party." *Bluebonnet Hotel Ventures, L.L.C. v. Wells Fargo Bank, N.A.*, 754 F.3d 272, 276 (5th Cir. 2014) (citation omitted).

On appeal, the Whitters raise a substantial number of issues. We have grouped them in order to respond in a focused way to what is relevant in deciding the appeal.

*I. Declaratory Judgment and the TDCA*

The Whittiers' primary argument is that neither Deutsche Bank nor Ocwen is the current assignee, owner, or holder of the note or deed of trust and, therefore, neither has the right to foreclose on the property. The district court rejected this claim and denied the Whittiers' motion for declaratory relief.

The district court determined that Deutsche Bank was entitled to enforce the note because it had possession of the original note, bearing a blank indorsement. We agree. Under Texas law, a bank in possession of a note indorsed in blank is entitled to collect on it. The Texas statutory definition of "holder" includes someone who is in possession of a note payable to bearer. *See* TEX. BUS. & COM. CODE ANN. § 1.201(b)(21). "When indorsed in blank, an

3

instrument becomes payable to bearer" – in this case, Deutsche Bank. *Id.* at § 3.205(b). This court reached the same conclusion using a similar analysis in a non-precedential opinion. *See Kiggundu v. Mortg. Elec. Registration Sys. Inc.*, 469 F. App'x 330, 331 (5th Cir. 2012).

The Whittiers now argue that the note is not enforceable because it is not an original. This argument has no merit. First, there is no evidence that the note presented to the district court was not the original. Second, the original note is not required as evidence under Texas law. "[E]xistence of a note may be established by [a] photocopy of the promissory note, attached to an affidavit in which the affiant swears that the photocopy is a true and correct copy of the original note." *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 254 (5th Cir. 2013) (quotations and citation omitted). Here, a copy of the note was attached to the defendants' motion for summary judgment along with an affidavit in which an Ocwen employee attested that all documents were "the original or exact duplicates of the original." Accordingly, the defendants had possession of the note and were entitled to foreclose.

The Whittiers next challenge the actual indorsement. They claim that the indorsement is improper because it was photocopied onto the note instead of stamped in ink. This argument is flawed for two reasons. First, the Whittiers present no evidence to support this argument. Second, even if the indorsement was produced by photocopying, it would still be valid. *See* TEX. BUS & COM. CODE ANN. § 1.201 cmt. 37 (noting that a symbol may be printed, stamped, or written). The Whittiers also claim that the indorsement is not a valid blank indorsement because it was not expressly made payable to "bearer" or the "order of bearer." Such words are not required to create a valid blank indorsement. TEX. BUS & COM. CODE ANN. § 3.205(b). Accordingly, the note contained a valid blank indorsement under Texas law.

No. 13-20639

The Whittiers further claim that the district court erred in holding that the defendants were also entitled to foreclose pursuant to the deed of trust. There is no need for us to discuss this alternative basis for the court's decision. We also need not address the Whittiers' TDCA claim. The claim is based entirely on the contention that Ocwen was not entitled to act on Deutsche Bank's behalf because the bank was not the "true mortgagee" of the debt. We have already held that Deutsche Bank is the holder of the note and thus the "true mortgagee." The TDCA claim fails.

## II. RESPA

The Whittiers claim that the district court erred in granting the defendants summary judgment on their RESPA claim. RESPA requires a loan servicer to respond appropriately to a borrower's qualified written request by certain deadlines. *See* 12 U.S.C. § 2605(e). To recover, a claimant must show that actual damages resulted from a RESPA violation. § 2605(e), (f).

The parties do not dispute that the Whittiers sent Ocwen a qualified written request for account information. Ocwen responded to the request, but the font size made the response largely illegible. The district court did not reach the question of whether this illegible response constituted a failure to respond in a timely manner. Instead, the court determined that the defendants were entitled to summary judgment because the Whittiers failed to show any actual damages resulting from the response. The court rejected the Whittiers' argument that harm to their credit rating and the expenses of litigation constitute actual damages.

On appeal, the Whittiers argue that the district court should not have reached the question of damages. Rather, they submit that the court should have used its authority under Federal Rule of Civil Procedure 42(b) to bifurcate the issues of liability and damages. This argument is baseless. The Whittiers

present no law to suggest that bifurcation of a RESPA claim is mandatory. The rule merely provides that a court *may* order separate trials "[f]or convenience, to avoid prejudice, or to expedite and economize . . . ." FED. R. CIV. P. 42(b). We see no error in the district court's procedural approach.

The Whittiers further argue that the district court incorrectly relied on another district court's opinion to support its holding that the attorney's fees and expenses of litigation they incurred cannot, as a matter of law, satisfy the actual damages requirement of a RESPA claim. *See Steele v. Quantum Servicing Corp.*, No. 3:12-CV-2897-L, 2013 WL 3196544 (N.D. Tex. June 25, 2013). The *Steele* court reached that conclusion because it found no authority to support the proposition that litigation fees and expenses are actual damages under RESPA. *Id.* at *8. We agree with the result, as RESPA allows for fees and expenses *in addition* to actual damages. *See* 12 U.S.C. § 2605(f).

## III. Breach of Contract and Negligent Misrepresentation

In their breach of contract claim, the Whittiers allege Litton sent them a letter in 2011 promising a loan modification. The district court held that the claim was barred by the Statute of Frauds.

Under Texas law, a loan agreement involving an amount in excess of $50,000 is not enforceable unless it is in writing and signed by the party to be bound. TEX. BUS. & COM. CODE ANN. § 26.02(b). It is undisputed that the Whittiers' loan modification is subject to this provision. The parties do dispute, however, whether the letter satisfies the Statute of Frauds.

The 2011 letter contains none of the terms of the alleged modification. Instead, the letter informs the Whittiers of the necessary steps that must be taken to qualify for a loan modification. It does not specify the actual modifications, if any, that would be made to the note and deed of trust.

6

Accordingly, the alleged modification fails to satisfy the Statute of Frauds and the Whittiers' breach of contract claim is thereby barred.

The Whittiers' negligent misrepresentation claim necessarily also fails. A negligent misrepresentation claim "may not be used to circumvent the Statute of Frauds." *Lam v. Nguyen*, 335 S.W.3d 786, 790 (Tex. App.—Dallas 2011). "[A]n indirect attempt to recover for the breach of an unenforceable promise is barred by the Statute of Frauds." *Id.* (citation omitted). The Whittiers seek damages for an alleged negligent misrepresentation relating to the unenforceable 2011 letter. Allowing the Whittiers to pursue this claim would circumvent the Statute of Frauds.

## IV. *Promissory Estoppel*

The district court also rejected the Whittiers' claim for promissory estoppel. The claim is based on Ocwen's alleged failure to grant a modification in 2011. As this court has previously noted in an unpublished opinion that we find persuasive, to succeed on a promissory estoppel claim, a plaintiff must introduce evidence demonstrating that a defendant promised to reduce a modification to a writing that would comply with the Statute of Frauds. *Milton v. U.S. Bank Nat. Ass'n*, 508 F. App'x 326, 329 (5th Cir. 2013) (citation omitted). The Whittiers have failed to satisfy this burden.

## V. *DTPA*

The Whittiers also raised a DTPA claim. They have waived review of this issue on appeal. "Failure to provide any legal or factual analysis of an issue results in waiver." *Am. States Ins. Co. v. Bailey*, 133 F.3d 363, 372 (5th Cir. 1998) (citation omitted). While the Whittiers identify the DTPA in their list of issues on appeal, they fail to provide any factual or legal analysis of the issue and it is therefore waived.

*VI. Counterclaims*

The Whittiers' final issue relates to the district court's grant of summary judgment to the defendants on their counterclaims. They argue the district court erred for two reasons. The first argument is merely a recitation of their previous contention that the defendants were not proper holders of the note.

The second argument suggests that the defendants' counterclaims were not properly pled. The Whittiers argue that the defendants failed to repeat their counterclaims in their answer to the first amended complaint. The district court held that this argument was waived because the Whittiers responded to the counterclaims in an answer. Technical defects in presenting affirmative defenses may be waived by a plaintiff's response to the defense. *Bradberry v. Jefferson Cnty, Tex.*, 732 F.3d 540, 553 (5th Cir. 2013). We conclude that any procedural error was waived here.

AFFIRMED.