**Reversed and Rendered and Opinion filed July 12, 2016.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-15-00785-CV

---

### EVERBANK, N.A., Appellant

### V.

### SEEDERGY VENTURES, INC., Appellee

---

**On Appeal from the 190th District Court
Harris County, Texas
Trial Court Cause No. 2013-72329**

---

## OPINION

This is an appeal from a summary judgment that voided a deed of trust. The main question that we must answer is whether the assignee of the deed of trust has standing to foreclose on the property. The homeowner contends that the assignee lacks standing because there are breaks in the chain of assignments and because the assignee is neither the holder nor the owner of the underlying note. We conclude that the homeowner failed to meet its summary-judgment burden of negating the assignee's standing to foreclose. Furthermore, although we determine that the

assignee did not demonstrate that it could foreclose based on the deed of trust, we conclude that the assignee still has standing to foreclose because the assignee conclusively established that it is the holder of the note. We therefore reverse the trial court's judgment and render judgment in favor of the assignee.

## BACKGROUND

Two individuals purchased a home in a planned development community. To cover the purchase of the home, the individuals obtained a loan from Kellibrook Mortgage Partners, Ltd. ("Kellibrook"). The amount of the loan was just over $100,000. The loan was evidenced by a promissory note, and the note was secured by a properly recorded deed of trust.

The deed of trust was bought and sold several times over the years in a series of assignments. The history of those assignments is somewhat tangled. The chain of assignments shows a total of four links:

- First, Kellibrook was the beneficiary of the original deed of trust. This instrument bears three different dates. The first date, which is typed on the face of the instrument, reflects that the deed of trust was made on December 13, 1996. The second date is a handwritten notary date of December 18, 1996, which appears to be the date of execution. The third date is December 26, 1996, which represents the date of recording.

- Second, Kellibrook assigned the deed of trust to Inland Mortgage Corporation ("Inland"). The assignment bears just two dates. The first is December 13, 1996, which is handwritten by the notary. If executed on that date, then the assignment would appear to have been executed before the deed of trust. The second date is January 14, 1997, the date of recording.

- Third, an entity known as Irwin Mortgage Corporation ("Irwin") assigned the deed of trust to Mortgage Electronic Registration Systems, Inc. ("MERS"). On the face of this assignment, Irwin represented that it was formerly known as Inland, which had changed its name following an amendment to its articles of incorporation. The assignment was executed and notarized on August 29, 2001, but the date of recording was more than a decade later, on December 9, 2013.

- Fourth, MERS assigned the deed of trust to EverBank, N.A. ("EverBank"). This assignment was executed and notarized on November 15, 2013, and it was recorded on November 26, 2013, which is before the recording of the assignment from Irwin to MERS.

Sometime between these transfers, the individuals who purchased the property conveyed it to a new owner, and the owner failed to pay the assessments that were owed to his homeowners association. The homeowners association sued the owner and obtained a default judgment against him. The trial court then issued an order allowing the property to be sold at a constable's auction. The auction took place on September 3, 2013, and the property was purchased for $7,500 by the current owner, Seedergy Ventures, Inc. ("Seedergy").

In a notice dated October 31, 2013, which is before the recording of the last two assignments, Seedergy was informed that EverBank had appointed a substitute trustee to sell the property at a foreclosure sale. The notice indicated that the foreclosure sale was scheduled to occur on December 3, 2013.

Seedergy filed suit less than two hours before the scheduled foreclosure sale, seeking a temporary restraining order, among other claims for relief. The trial court granted the temporary restraining order, which stopped the foreclosure sale.

Several defendants were named in Seedergy's suit, but Seedergy eventually nonsuited them all, with the exception of EverBank. Seedergy labeled its first cause of action as one for "Lack of Standing to Foreclose; Wrongful Foreclosure." In this claim, which was asserted after MERS had recorded its assignment to EverBank but before Irwin had recorded its assignment to MERS, Seedergy challenged EverBank's authority to foreclose on the property. Seedergy alleged that there was not a complete chain of title from Kellibrook to MERS. Seedergy also alleged that EverBank was neither the holder of the note nor the owner of the note with the right to enforce it.

Within the same claim, Seedergy alleged that the assignment from MERS to EverBank was fraudulent and illegal because no actual consideration was exchanged and because the person who executed the assignment on behalf of MERS lacked the authority to do so. Seedergy further alleged that the same assignment was void because the signature had been forged.

In its remaining causes of action, Seedergy sought to obtain declaratory relief and to quiet title. These claims essentially reiterated Seedergy's first claim that EverBank lacked standing to foreclose. Seedergy also asserted one final claim that EverBank had violated the Texas Property Code by providing inadequate notice of the foreclosure sale.

EverBank moved for summary judgment on traditional grounds, arguing that the evidence conclusively showed that it had standing to foreclose because it was the last assignee of record of the deed of trust. In the alternative, EverBank argued that it had standing to foreclose because it was the holder of the note. Finally, EverBank argued that Seedergy lacked standing to challenge the assignments and that Seedergy could not recover on a claim for wrongful foreclosure because no

4

foreclosure sale had actually occurred. Seedergy filed a response, and the trial court denied EverBank's motion.

Seedergy then filed its own traditional motion for summary judgment. Seedergy argued that EverBank lacked standing to foreclose as a matter of law because there were several breaks in the chain of title. Seedergy argued that these breaks affected both the deed of trust and the note, meaning EverBank could enforce neither. EverBank filed a response, which largely mirrored its previously denied motion for summary judgment. The trial court granted Seedergy's motion, declared the deed of trust void, and ordered the deed of trust "removed" from the real property records. EverBank appealed, and it now asks this court to decide whether the trial court erred by denying its motion and by granting Seedergy's motion.

## STANDARD OF REVIEW

The movant on a traditional motion for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See* Tex. R. Civ. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). If the movant satisfies this initial burden on the issues expressly presented in the motion, then the burden shifts to the nonmovant to present to the trial court any issues or evidence that would preclude a summary judgment. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678–79 (Tex. 1979).

We review summary judgments de novo. *See Exxon Corp. v. Emerald Oil & Gas Co.*, 331 S.W.3d 419, 422 (Tex. 2010). We also review the evidence presented by the motion and the response in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and

5

disregarding contrary evidence unless reasonable jurors could not. *See Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006).

When both sides move for summary judgment, as they did here, and the trial court grants one motion and denies the other, we consider both sides' summary-judgment evidence, determine all questions presented, and render the judgment the trial court should have rendered. *See Gilbert Tex. Constr., L.P. v. Underwriters at Lloyd's London*, 327 S.W.3d 118, 124 (Tex. 2010).

## SEEDERGY'S MOTION

***Standing to Foreclose.*** Under the Texas Property Code, a party has standing to initiate a nonjudicial foreclosure sale if the party is a mortgagee. *See* Tex. Prop. Code §§ 51.002, 51.0025. A mortgagee includes the grantee, beneficiary, owner, or holder of a security instrument, such as a deed of trust, or "if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record." *Id.* § 51.0001(4), (6).

Even if a party does not have a recorded interest in a security instrument, the party may still have standing to foreclose if the party is the holder or owner of a note secured by the instrument. This rule derives from the common law maxim, now codified in Texas, that "the mortgage follows the note." *See* Tex. Bus. & Com. Code § 9.203(g) ("The attachment of a security interest in a right to payment or performance secured by a security interest or other lien on personal or real property is also attachment of a security interest in the security interest, mortgage, or other lien."); *Campbell v. Mortg. Elec. Registration Sys., Inc.*, No. 03-11-00429-CV, 2012 WL 1839357, at *4 (Tex. App.—Austin May 18, 2012, pet. denied) (mem. op.).

6

In its motion for summary judgment, Seedergy argued that EverBank did not have standing to foreclose as a matter of law because (1) EverBank was not the last assignee of record of the deed of trust, (2) EverBank was not the holder of the note, and (3) EverBank was not the owner of the note with the right to enforce it. As the movant below, Seedergy had the burden of negating each basis upon which EverBank could have standing to foreclose on the property. We now examine whether Seedergy satisfied that burden.

***The Deed of Trust.*** Seedergy argued that EverBank could not be the last assignee of record of the deed of trust because there were three breaks in the chain of assignments. Any one break would be sufficient to defeat EverBank's standing to foreclose under the deed of trust because a party not named in the original security instrument must be able to trace its rights back to the original holder. *See Miller v. Homecomings Fin., LLC*, 881 F. Supp. 2d 825, 830–31 (S.D. Tex. 2012); *Leavings v. Mills*, 175 S.W.3d 301, 310 (Tex. App.—Houston [1st Dist.] 2004, no pet.).

The first break alleged by Seedergy addressed the original deed of trust in favor of Kellibrook and the assignment from Kellibrook to Inland. Without citing to any authority, Seedergy argued that there was a break in the chain because the assignment predated the deed of trust. Seedergy specifically focused on the notary dates of the two instruments: December 18, 1996 for the deed of trust, and December 13, 1996 for the assignment.

Seedergy's argument appears to be that an assignment of a deed of trust cannot be executed before the deed of trust itself. Even if we assumed that this argument were legally sound, Seedergy would not be entitled to summary judgment because Seedergy did not conclusively establish that the assignment predated the deed of trust. The face of the assignment contains specific information

7

indicating where the deed of trust was recorded in the real property records. If the deed of trust was already recorded at the time the assignment was executed, then the assignment could not have predated the deed of trust. At the very least, there is a fact question on this alleged break. *See Houston First Am. Sav. v. Musick*, 650 S.W.2d 764, 768 (Tex. 1983) (a fact question arose where an instrument dated in May of 1963 referred to a deed recorded in June of 1963).

Seedergy argued that a second break occurred in the assignment from MERS to EverBank. In this assignment, MERS expressly transferred the deed of trust to EverBank, but no mention was made of the underlying note. Because there was no express assignment of the note, Seedergy argued that MERS split the note from the deed of trust, rendering both null.

Seedergy's "split-the-note" theory can be traced back to *Carpenter v. Longan*, 83 U.S. 271 (1872). In that case, which addressed Colorado Territorial law and federal common law, the Supreme Court held, "The note and mortgage are inseparable; the former as essential, the latter as an incident. An assignment of the note carries the mortgage with it, while an assignment of the latter alone is a nullity." *Id.* at 274.

In Texas, nonjudicial foreclosure sales are governed by the Texas Property Code, not by the law set forth in *Carpenter*. And as this court has previously explained, there is no provision in the Texas Property Code that requires a foreclosing party to prove its status as holder or owner of the note. *See Morlock, L.L.C. v. Nationstar Mortg., L.L.C.*, 447 S.W.3d 42, 47 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) ("Nationstar may enforce the Deed of Trust even if it is not the owner and holder of the Note or of the original of the Note."). We therefore reject Seedergy's argument that the assignment from MERS to EverBank is a nullity. *See Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 255 (5th

Cir. 2013) ("The 'split-the-note' theory is therefore inapplicable under Texas law where the foreclosing party is a mortgage servicer and the mortgage has been properly assigned.").

Seedergy finally argued that a third break occurred between the assignment from Kellibrook to Inland and the assignment from Irwin to MERS. In its motion, Seedergy claimed that there was an unexplained gap between these two assignments because "Inland and Irwin are two different entities."

Seedergy produced no evidence on this point other than the assignment itself, which identifies the assignor as "IRWIN MORTGAGE CORPORATION formerly known as INLAND MORTGAGE CORPORATION after name change as a result of amendment to articles of incorporation." This assignment is "prima facie good" until there has been a successful suit to set it aside. *See Morlock, L.L.C. v. Bank of N.Y.*, 448 S.W.3d 514, 521 (Tex. App.—Houston [1st Dist.] 2014, pet. denied) (citing *Nobles v. Marcus*, 533 S.W.2d 923, 926–27 (Tex. 1976)). Seedergy cited no proof that the assignment from Irwin to MERS has been voided, and Seedergy attached no evidence to its motion showing that Irwin and Inland are actually different. Therefore, Seedergy did not satisfy its summary-judgment burden of showing that that there was a break in the chain of assignments.

Because Seedergy did not negate that EverBank was the last assignee of record of the deed of trust, we conclude that Seedergy did not conclusively establish that EverBank lacked standing to foreclose on the property.

***The Note.*** Even if Seedergy had demonstrated that EverBank was not the last assignee of record of the deed of trust, Seedergy did not carry its additional burden of showing that EverBank was neither the holder nor the owner of the note.

9

Seedergy argued that EverBank could not be the holder of the note because Irwin purported to assign the note to MERS, and according to Seedergy, "MERS cannot actually hold mortgage notes as a matter of Texas law." Continuing with that premise, Seedergy argued that if MERS cannot hold the note, then neither can EverBank along an unbroken chain of assignments.

For the proposition that MERS cannot hold the note, Seedergy did not rely on any particular item of evidence. Instead, Seedergy referred solely to *Nueces County v. MERSCORP Holdings, Inc.*, No. 2:12-CV-00131, 2013 WL 3353948 (S.D. Tex. July 13, 2013). The court in that case held that "MERS is not a lender, and it does not have the rights of a lender, note holder, or note owner to enforce a promissory note and seek a judgment against a debtor for the repayment of loans." *Id.* at *5. But that holding was based on a distinguishable set of facts. In *Nueces County*, the court determined that MERS was acting merely as the nominee or agent of a lender, and in that limited capacity, MERS had no power to assign the note to itself. *Id.* at *6. By contrast, the evidence in this case shows that Irwin assigned the note to MERS as a beneficiary, not as a nominee or agent for another lender. We conclude that *Nueces County* does not support Seedergy's argument that EverBank cannot be the holder of the note. *See Reed v. Bank of Am., N.A.*, No. H-15-2005, 2015 WL 7736642, at *2 n.2 (S.D. Tex. Nov. 30, 2015) (concluding that *Nueces County* was inapplicable on similar facts); *Jolem, LLC v. Select Portfolio Servicing, Inc.*, No. H-14-3301, 2015 WL 3823642, at *4 (S.D. Tex. June 18, 2015) (same).

Seedergy also argued in its motion that EverBank cannot show that it holds or owns the note along an unbroken chain of transfers. This argument was based on the fact that the assignment from MERS to EverBank transferred the deed of trust

10

alone, whereas the other two assignments transferred both the deed of trust and the note.

EverBank filed a response, in which it asserted that it was the holder of the note. To support this claim, EverBank provided affidavit testimony that it possessed the note, and a copy of the note was attached to the affidavit. The note itself contains two indorsements. The first indorsement is a specific indorsement from Kellibrook to Inland, and the second indorsement is a blank indorsement signed by Inland. There are no other indorsements mentioning Irwin, MERS, or EverBank.

"When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed." Tex. Bus. & Com. Code § 3.205(b). Thus, by producing a note indorsed in blank, EverBank was not required to show how the note was transferred. *See Green v. JPMorgan Chase Bank, N.A.*, 937 F. Supp. 2d 849, 861 (N.D. Tex. 2013) ("The fact that there is no evidence in the summary judgment record demonstrating how JPMC obtained possession of the Note, and therefore the Deed, does not raise a fact issue as to JPMC's authority to collect on the Note or enforce the terms of the Deed, including by foreclosing on the Property."); *Perdomo v. Fed. Nat'l Mortg. Ass'n*, No. 3:11-CV-734-M, 2013 WL 1123629, at \*4 (N.D. Tex. Mar. 18, 2013) ("Under Texas law, a holder of a note indorsed in blank is presumed to be entitled to enforcement of the instrument merely by showing possession of that instrument. Such a holder is not also required to establish an unbroken chain of title.").

Furthermore, because the rule in Texas is that the mortgage follows the note, EverBank would be entitled to foreclose on the property as holder of the note even if the assignment of the deed of trust was void. *See Kiggundu v. Mortg. Elec. Registration Sys. Inc.*, 469 Fed. App'x 330, 331–32 (5th Cir. 2012) ("It was

11

sufficient for the Bank of New York to establish that it was in possession of the note; it was not required to show that the deed of trust had been assigned to it."); *Antony v. United Midwest Sav. Bank*, No. H-15-1062, 2016 WL 914975, at *3 (S.D. Tex. Mar. 10, 2016) ("Even if the assignment of the Deed of Trust from MERS to Flagstar was void, the record shows that Flagstar was the holder of the Note at foreclosure and had standing to foreclose on that basis.").

We hold that Seedergy failed to conclusively establish that EverBank was not the holder or owner of the note. Because Seedergy also failed to establish that EverBank was not the last assignee of record of the deed of trust, we hold that the trial court erred by granting summary judgment in favor of Seedergy.

## EVERBANK'S MOTION

Having concluded that Seedergy was not entitled to summary judgment, we now consider the grounds asserted in EverBank's motion. As with Seedergy, EverBank organized its motion around both the deed of trust and the underlying note.

***The Deed of Trust.*** EverBank argued that it had standing to foreclose on the property because it was the last assignee of record of the deed of trust. This argument was based on a factual premise that there was a complete chain of assignments from Kellibrook to EverBank, as well as a legal premise that Seedergy lacked standing to challenge any part of that chain of assignments. Even if we assumed for the purposes of argument that the factual premise was proved, EverBank's legal premise is not entirely correct.

"Texas courts routinely allow a homeowner to challenge the chain of assignments by which a party claims the right to foreclose." *Miller*, 881 F. Supp. 2d at 832. This idea of standing is not without limitation, however. Although a

12

homeowner has standing to challenge whether there is a complete chain of assignments, a homeowner does not necessarily have the right to challenge an individual assignment within that chain. When the homeowner is just a third party to an assignment, the homeowner lacks standing to challenge the assignment on grounds that would merely render the assignment voidable. *See Bank of N.Y.*, 448 S.W.3d at 517. For example, a deed of trust that is procured by fraud is voidable rather than void, meaning that a claim that an assignment is fraudulent would belong to the grantor of the assignment, rather than to the third-party homeowner. *Id.* at 520–21.

On the other hand, a homeowner does have standing to challenge an assignment that would render the assignment void. *See Nationstar*, 447 S.W.3d at 45. Standing would exist, for instance, if a homeowner alleged that an assignment was forged, because a forged deed is void. *See Vazquez v. Deutsche Bank Nat'l Trust Co.*, 441 S.W.3d 783, 787 (Tex. App.—Houston [1st Dist.] 2014, no pet.).

In this case, Seedergy alleged that the assignment from MERS to EverBank was procured without consideration and executed by someone without the authority to do so. Because these allegations would only render the assignment voidable, Seedergy did not have standing to bring them. *See Bank of N.Y.*, 448 S.W.3d at 517 ("When someone without authorization signs a conveyance on behalf of a grantor corporation, the cause of action for fraud to set aside the assignment belongs to the grantor. A third party lacks standing to challenge this voidable defect in the assignment."); *Goodwin v. City of Dallas*, 496 S.W.2d 722, 723 (Tex. Civ. App.—Waco 1973, no writ) ("A deed procured without consideration . . . is, as between the parties thereto, voidable only and not void.").

Seedergy also alleged that the same assignment "was signed by a person not named in the document and is therefore void." Although Seedergy did not

specifically use the word "forged" or "forgery," this allegation gave fair notice that Seedergy was challenging the assignment on the basis of a forgery. *See Vazquez*, 441 S.W.3d at 789–90 (noting that Texas is a notice pleading jurisdiction, and holding that the pleadings contained an allegation of forgery even though words such as "forgery" were not specifically used). We conclude that Seedergy had standing to challenge the assignment on that basis.

EverBank did not address the allegation of forgery in its motion for summary judgment. Thus, EverBank did not conclusively establish that it had standing to foreclose on the property as the last assignee of record of the deed of trust.[1]

***The Note.*** In the alternative, EverBank argued that it had standing to foreclose because it was the holder of the note. EverBank supported this argument with affidavit testimony that it possessed the note, as well as a copy of the note indorsed in blank. This evidence was sufficient to show that EverBank had standing to foreclose as the holder of the note. *See Rodriguez v. Bank of Am., N.A.*, No. SA-12-CV-00905-DAE, 2013 WL 1773670, at *8 (W.D. Tex. Apr. 25, 2013) ("Even if the assignment of the Deed of Trust was void (rather than voidable), the documents central to Plaintiff's case suggest, and no factual allegations controvert, that Defendant would have authority to foreclose pursuant to the terms of the Deed

---

[1] In its brief, Seedergy additionally argues that the deed of trust cannot be enforced by EverBank because Seedergy acquired the property as a bona fide purchaser for value without notice of the assignment to EverBank. Seedergy cannot raise this argument for the first time on appeal, and it is wrong in any event. *See Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 204 (Tex. 2002). The homeowners association that sold the property to Seedergy at auction held a lien that was inferior to the mortgage, meaning the foreclosure sale did not terminate the superior deed of trust. *See Conversion Props., L.L.C. v. Kessler*, 994 S.W.2d 810, 813 (Tex. App.—Dallas 1999, pet. denied). Seedergy took the property subject to that deed of trust and any assignments there may have been.

14

of Trust because Defendant is the holder of the Note."). The burden accordingly shifted to Seedergy to raise an issue that would preclude a summary judgment.

Seedergy made several arguments in response. First, Seedergy argued that the note was ineffective to show that EverBank was the holder because the blank indorsement was undated. Seedergy did not cite to any authority that the indorsement must be dated, and we are not aware of any such requirement. In fact, the Texas version of the UCC makes clear that a blank indorsement may be composed of just a signature. *See* Tex. Bus. & Com. Code § 3.205(c) ("The holder may convert a blank indorsement that consists only of a signature into a special indorsement . . . ."); *id.* cmt. 2 ("A blank indorsement is usually the signature of the indorser on the back of the instrument without other words."). We conclude that the indorsement was effective, even though it was undated.

Seedergy argued next that EverBank could not be the holder because the note was not payable to EverBank and because EverBank did not show how it acquired the note through negotiation. For these points, Seedergy relied on *Leavings*, wherein the court required the transferee "to prove the note and an unbroken chain of assignments transferring to him the right to enforce the note according to its terms." *See Leavings*, 175 S.W.3d at 310. However, the court in *Leavings* did not mention that the note there had been indorsed in blank, which makes that case distinguishable. *Id.* at 311 (concluding further that the note was not even a negotiable instrument). Because the note here contained a blank indorsement, EverBank was not required to show the chain of transfers. *See* Tex. Bus. & Com. Code § 3.205(b);[2] *Salas v. LNV Corp.*, 409 S.W.3d 209, 220 (Tex. App.—Houston [14th Dist.] 2013, no pet.) ("Presuming for the sake of argument

_____

[2] Seedergy asserts in its brief that Article III of the UCC is inapplicable because that article applies only to unsecured notes. Seedergy cites to no authority for this proposition, and we are not aware of any provision in Article III manifesting such a distinction.

that LNV must be the holder of the note to be able to foreclose, indorsement of the note to LNV is not required for negotiation because the note was indorsed in blank."); *Green*, 937 F. Supp. 2d at 861.

Seedergy finally argued that EverBank's affidavit was incompetent summary-judgment evidence because the affidavit did not set forth the basis for the affiant's personal knowledge. To preserve a complaint that an affidavit does not show the basis for the affiant's personal knowledge, a litigant must object in the trial court and obtain the trial court's ruling (or its refusal to rule) on the objection. *See Wash. DC Party Shuttle, LLC v. iGuide Tours*, 406 S.W.3d 723, 736 (Tex. App.—Houston [14th Dist.] 2013, pet. denied) (en banc). Seedergy objected, but it did not obtain a ruling (or a refusal to rule) from the trial court. Thus, Seedergy did not preserve any complaint on this point. *Id.*

We conclude that EverBank is entitled to summary judgment on its argument that it has standing to foreclose on the property because EverBank conclusively established that it is the holder of the note.

***Other Claims.*** In its original petition, Seedergy partially labeled its first claim as one for "Wrongful Foreclosure," even though Seedergy did not specifically allege that a foreclosure had actually happened. In its motion for summary judgment, EverBank asserted that the foreclosure sale had not happened, and that any claim for wrongful foreclosure must fail because there is no cause of action in Texas for attempted wrongful foreclosure. *See Baker v. Countrywide Home Loans, Inc.*, No. 3:08-CV-0916-B, 2009 WL 1810336, at *4 (N.D. Tex. June 24, 2009); *Port City State Bank v. Leyco Constr. Co.*, 561 S.W.2d 546, 547 (Tex. Civ. App.—Beaumont 1977, no writ). EverBank did not attach any proof that the foreclosure sale never occurred, but Seedergy admitted that fact in its response, and no one disputes that fact on appeal. To the extent that Seedergy raised a claim

for wrongful foreclosure, EverBank was entitled to summary judgment on that claim.

Seedergy also sought to obtain declaratory relief and to quiet title. In both of these claims, Seedergy sought a determination that EverBank had no right to foreclose on the property. By conclusively establishing that it did have the right to foreclose on the property, EverBank precluded Seedergy's recovery on these claims.

Seedergy finally asserted a claim that EverBank had violated the Texas Property Code by providing inadequate notice of the foreclosure sale. Although Seedergy did not ask for any particular relief in connection with this claim, Seedergy cited to a case which held that a foreclosure sale should be invalidated if the foreclosing party failed to follow the necessary statutory procedures.

EverBank asserted in its motion that the foreclosure sale had not happened, a fact that remains undisputed. Because Seedergy cannot recover in the absence of a foreclosure sale, EverBank is entitled to summary judgment on this claim.

## CONCLUSION

We reverse the trial court's judgment and render judgment that Seedergy take nothing by its claims against EverBank, as EverBank has proven its right to foreclose on the property.


/s/    Tracy Christopher
Justice


Panel consists of Justices Boyce, Christopher, and Jamison.

17