# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

January 22, 2020

Lyle W. Cayce
Clerk

No. 19-20462
Summary Calendar

DEBORAH CROSS, also known as Deborah Cross-Farron,

> Plaintiff - Appellant

v.

THE BANK OF NEW YORK MELLON, formerly known as The Bank of New York, as Trustee CWALT 2004-30B; BAYVIEW LOAN SERVICING, L.L.C.,

> Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CV-2274

Before KING, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:*

Plaintiff Deborah Cross appeals the district court's dismissal of her complaint for failure to state a claim. Because she fails to demonstrate reversible error, we affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-20462

## I.

The Bank of New York Mellon, a defendant here, holds a deed of trust on a house in Harris County, Texas, owned by plaintiff Deborah Cross. Bayview Loan Servicing, L.L.C., the other defendant, services the corresponding loan. As relevant to this appeal, Cross alleges that, after she unsuccessfully attempted to modify the loan, the defendants breached the deed of trust by refusing to inform her how much she owed and by attempting to foreclose on the house without notice.

Cross originally sought, in Texas state court, a preliminary and a permanent injunction against the foreclosure. Her request for a preliminary injunction was granted, so the bank was unable to foreclose on the house. The defendants then removed the case to federal court on the basis of diversity jurisdiction, and Cross subsequently amended her complaint, removing her request for a permanent injunction but continuing to seek damages and attorney's fees.

The district court dismissed Cross's claims, on defendants' motion, under Rule 12(b)(6) of the Federal Rules of Civil Procedure. It ruled that Cross had not identified "any specific contractual obligation breached by Defendants" other than a provision requiring notice before loan acceleration and foreclosure. And as to that provision, the court found that Cross had not alleged any damages resulting from the defendants' breach, since no foreclosure had occurred. Cross timely appealed.

## II.

On the question of foreclosure-related damages, Cross asserts that she "is seeking to be compensated for the fees she has allegedly had to expend in state court fighting to prevent [the] foreclosure." But those fees were expended

*in this case*. Whether or not Cross is eligible to recover attorney's fees,[1] those fees are not damages. *See In re Nalle Plastics Family Ltd. P'ship*, 406 S.W.3d 168, 172-73 (Tex. 2013). The district court was thus correct that the defendants' alleged failure to provide Cross with notice of the planned foreclosure did not injure her.

Further, Cross fails to identify any other contractual provision violated by the defendants' alleged conduct. She argues that the deed of trust entitles her "to receive[] notices in regard to loan charges applied to her mortgage," but the sections of the contract that she points to say no such thing.

Cross also argues that Bayview violated the Real Estate Settlement Procedures Act (RESPA), which requires loan servicers to respond to "qualified written request[s]" from borrowers, 12 U.S.C. § 2605(e). Among other things, qualified written requests must be *written. See* § 2605(e)(B). Although Cross alleges that she made several requests to Bayview, she does not allege that any were in writing. Instead, she specifies that she "made between 60-80 phone calls to Bayview." Phone calls are not written requests.

Finally, Cross argues that Bayview violated one of RESPA's implementing regulations, 12 C.F.R. § 1024.41(g), by scheduling a foreclosure sale while her loan-modification application was pending. Although it is debatable whether Cross has plausibly alleged a violation of this regulation, we need not reach that question because RESPA violations are not actionable without "actual damages to the borrower," 12 U.S.C. § 2605(f)(1)(A); *see Whittier v. Ocwen Loan Servicing, L.L.C.*, 594 F. App'x 833, 836 (5th Cir. 2014); 12 C.F.R. § 1024.41(a); *see also Renfroe v. Nationstar Mortg., LLC*, 822 F.3d 1241, 1246 (11th Cir. 2016) ("We join our sister Circuits in recognizing that

---

[1] *See generally Butler v. Arrow Mirror & Glass, Inc.*, 51 S.W.3d 787, 796-97 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (discussing availability of attorney's fees in breach-of-contract actions).

damages are an essential element in pleading a RESPA claim."). As noted above, Cross was not damaged by the defendants' unsuccessful attempt to foreclose on her house. *See Whittier*, 594 F. App'x at 836-37 ("[L]itigation fees and expenses are [not] actual damages under RESPA."). She has thus failed to state a claim.

## III.

For the foregoing reasons, we AFFIRM the judgment of the district court.