Affirmed and Opinion Filed August 1, 2022

# S

**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

## No. 05-21-00287-CV

**DHI HOLDINGS, LP, Appellant**
**V.**
**DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR GSAMP TRUST 2006-SD1, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-SD1; OCWEN LOAN SERVICING, LLC; AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,**
**Appellees**

**On Appeal from the 113th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2018-58282**

## MEMORANDUM OPINION

Before Justices Myers, Osborne, and Nowell
Opinion by Justice Nowell

DHI Holdings, LP (DHI) appeals from a summary judgment denying its claims against appellees. DHI purchased the subject property at a constable's sale. At the time of the sale, the property was burdened by a recorded deed of trust. Appellees are the lienholder and servicers of the debt and lien securing the debt who sought to foreclose on the property after DHI purchased it. DHI filed suit to enjoin the foreclosure sale and alleged several causes of action claiming that appellees

lacked standing to foreclose on the property. The trial court granted appellees' traditional and no-evidence motion summary for summary judgment. We affirm.

## Background

The loan originated in 2005 when Benita Gaines executed a promissory note (the Note) to Fremont Investment & Loan (Fremont) for the purchase of a house. Fremont later indorsed the Note in blank. Gaines also executed a Deed of Trust on the house (the Property) to secure repayment of the Note. The Deed of Trust names Mortgage Electronic Registration Systems, Inc. (MERS) as beneficiary acting as nominee for Fremont and its successors and assigns. The Deed of Trust was recorded on March 9, 2005.

Ocwen Loan Servicing, LLC (Ocwen) began servicing the Note and Deed of Trust in September 2005. According to the affidavit of an Ocwen representative, Goldman Sachs Mortgage Company (GSMC) acquired the Note and Deed of Trust from Fremont pursuant to a Flow Mortgage Loan Purchase and Warranties Agreement. GSMC conveyed all of its right, title, and interest in the Note and Deed of Trust to GS Mortgage Securities Corp. pursuant to a Mortgage Loan Purchase and Sale Agreement dated as of December 1, 2005. GS Mortgage Securities Corp., Ocwen, and Deutsche Bank National Trust Company (Deutsche Bank) created the GSAMP Trust 2006-SD1 pursuant to a Pooling and Servicing Agreement (PSA) dated as of December 1, 2005. Pursuant to the PSA, GS Mortgage Securities Corp. conveyed all of its right, title, and interest in the Note and Deed of Trust to Deutsche

Bank as Trustee. In connection with the sale of the Note and Deed of Trust to Deutsche Bank, the Note was delivered to Deutsche Bank. In January 2019, Ocwen on behalf of Deutsche Bank sent the original Note to appellees' attorney in this case, who holds the Note as bailee for Deutsche Bank.

On October 21, 2005, pursuant to a Transfer of Lien, MERS, its successors and assigns, as nominee for Fremont, its successors and assigns, transferred all of its right, title, and interest in the Deed of Trust and Note to Deutsche Bank "as Trustee for the Registered Holders of GSAMP Trust 2006-SD1, Mortgage Pass-Through Certificates, Series 2006-SD1." This Transfer of Lien was filed in the property records on March 26, 2006. A Corrective Transfer of Lien was executed on August 29, 2013 and recorded on February 6, 2017, by MERS to correct the name of the assignee by removing the reference to the "Registered Holders of" from the name of the assignee.

DHI purchased the Property on May 1, 2018 at a constable's sale pursuant to a default judgment granting Gaines's homeowner's association the right to foreclose on an assessment lien against the Property. The constable's deed to DHI was recorded on May 30, 2018.

In July 2018, Ocwen on behalf of Deutsche Bank filed a notice of substitute trustee's sale for a foreclosure sale in September 2018. DHI filed this suit on August 28, 2018 and obtained a temporary restraining order stopping the sale of the

Property. DHI sought a declaratory judgment that appellees lacked standing to foreclose on the Property and asserted several other causes of action.

Appellees[1] filed a combined traditional and no-evidence motion for summary judgment against all of DHI's claims. DHI filed a response and appellees filed a reply in support of their motion. The trial court granted summary judgment to appellees on all but DHI's claim for an equitable right of redemption. DHI later nonsuited that claim and the trial court rendered a final judgment based on the summary judgment. DHI appeals.

**Standard of Review**

We review a trial court's summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). When reviewing a traditional summary judgment motion, we must determine whether the movant met its burden to establish that (1) no genuine issue of material fact exists, and (2) the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Provident Life and Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215–16 (Tex. 2003). In a no-evidence motion for summary judgment, the movant must assert that there is no evidence to support an essential element of the nonmovant's claim on which the nonmovant would have the burden of proof at trial. *See* TEX. R. CIV. P. 166a(i); *Hahn v. Love*, 321 S.W.3d 517, 523–24 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). The burden then shifts

---

[1] For convenience we refer to appellees collectively as Deutsche Bank or appellees unless necessary to identify them specifically.

to the nonmovant to present evidence raising a genuine issue of material fact as to each of the elements specified in the motion. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006).

## Discussion

DHI contends the trial court erred by granting summary judgment on its claim for a declaratory judgment that appellees lack standing to foreclose, its suit to quiet title, and its claims for a fraudulent lien, fraud, and negligence per se.

### A. Standing to Foreclose

To have standing[2] to foreclose a party must show it is either (1) the mortgagee or (2) a holder of the note. *See* TEX. PROP. CODE §§ 52.002, .0025; TEX. BUS. & COM. CODE § 9.203(g) ("The attachment of a security interest in a right to payment or performance secured by a security interest or other lien on personal or real property is also attachment of a security interest in the security interest, mortgage, or other lien."); *EverBank, N.A. v. Seedergy Ventures, Inc.*, 499 S.W.3d 534, 538–39, 543 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (holding even if party does not have recorded interest in security instrument, party has standing to foreclose if party is

_____

[2] The parties refer to this concept as standing to foreclose. We use the term "standing" in this case to refer to the legal right to foreclose on a lien securing repayment of a debt as opposed to the concept of standing as a component of subject matter jurisdiction. *See Pike v. Tex. EMC Management, LLC*, 610 S.W.3d 763, 773–74 (Tex. 2020) (noting Texas courts sometimes apply the label "standing" to statutory or prudential considerations that do not implicate subject matter jurisdiction); *id*. at 773 (standing "is a word of many, too many, meanings") (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 90 (1998)); *Morlock, L.L.C. v. Bank of New York*, 448 S.W.3d 514, 520 (Tex. App.—Houston [1st Dist.] 2014, pet. denied) (contrasting substantive law regarding ability of third party to challenge assignment with justiciable interest requirement of jurisdictional standing).

holder or owner of note secured by security instrument); *Campbell v. Mortg. Elec. Registration Sys., Inc.*, No. 03–11–00429–CV, 2012 WL 1839357, at *4 (Tex. App.—Austin May 18, 2012, pet. denied) (mem. op.); *see also SGK Properties, L.L.C. v. U.S. Bank N.A.*, 881 F.3d 933, 941–42 (5th Cir. 2018) ("U.S. Bank was, as holder, entitled to foreclose on the property as holder of the note even if the assignment of the Deed of Trust was void."); *Kiggundu v. Mortg. Elec. Registration Sys. Inc.*, 469 Fed. Appx. 330, 331–32 (5th Cir. 2012) ("It was sufficient for the Bank of New York to establish that it was in possession of the note; it was not required to show that the deed of trust had been assigned to it.").

Appellees' summary judgment evidence established that the Note was indorsed in blank by Fremont and that Deutsche Bank has possession of the original Note. A holder is a "person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." TEX. BUS. & COM. CODE § 1.201(b)(21)(A). A bearer is a person in possession of a negotiable instrument that is payable to bearer or indorsed in blank. *Id*. § 1.201(b)(5). Negotiation means the transfer of possession, whether voluntary or involuntary, of an instrument by a person other than the issuer to a person who thereby becomes its holder. *Id*. § 3.201(a). "If an instrument is payable to bearer, it may be negotiated by transfer of possession alone." *Id*. § 3.201(b). "When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone

until specially indorsed." *Id.* § 3.205(b). Thus, Deutsche Bank proved that it is a holder of the Note.

Relying on *Leavings v. Mills*, 175 S.W.3d 301 (Tex. App.—Houston [1st Dist.] 2004, no pet.), DHI argues that Deutsche Bank failed to prove the transaction by which it acquired the Note. *Leavings* involved a retail installment contract for a solar water heating system and an associated mechanic's and materialman's lien, not a negotiable instrument. *Id.* at 311. As the court in *EverBank* recognized, *Leavings* is distinguishable as well because the contract there was not indorsed in blank. *EverBank*, 499 S.W.3d at 543 ("However, the court in *Leavings* did not mention that the note there had been indorsed in blank, which makes that case distinguishable."). The Note here was indorsed in blank; therefore, Deutsche Bank was not required to show the chain of transfers of the Note. *Id.*

Next DHI argues that the indorsement on the Note does not meet the terms of the PSA between GS Mortgage Services, Ocwen, and Deutsche Bank. But DHI is not a party to or third-party beneficiary of the PSA and cannot assert its terms to alter the legal effect of Fremont's blank indorsement. *See Ybarra v. Ameripro Funding, Inc.*, No. 01-17-00224-CV, 2018 WL 2976126, at *4–5 (Tex. App.—Houston [1st Dist.] June 14, 2018, pet. denied) (mem. op.) (holding mortgagors were not parties to or third-party beneficiaries of PSA and could not enforce its terms); *see also Ferguson v. Bank of N.Y. Mellon Corp.*, 802 F.3d 777, 782 (5th Cir. 2015); ("home-loan borrowers—such as the Fergusons—ha[ve] no standing under Texas

law to enforce a PSA because they were neither parties to the PSA nor intended third-party beneficiaries under it"); *Reinagel v. Deutsche Bank Nat'l Tr.* Co., 735 F.3d 220, 228 (5th Cir. 2013) (same).

DHI also claims that under New York law, an assignment in violation of the terms of the PSA is void. However, we agree with the Fifth Circuit Court of Appeals that this appeal to New York law is "unavailing." *Ferguson*, 802 F.3d at 782 (rejecting mortgagor's argument that assignment of mortgage was void under New York law for violating terms of PSA, citing *Wells Fargo Bank, Nat'l Ass'n v. Erobobo*, 127 A.D.3d 1176, 9 N.Y.S.3d 312, 314 (2015) ("[A] mortgagor whose loan is owned by a trust[] does not have standing to challenge the [assignee's] possession or status as assignee of the note and mortgage based on purported noncompliance with certain provisions of the PSA.")); *Reinagel*, 735 F.3d at 228; *See also Ybarra*, 2018 WL 2976126, at *4–5 (rejecting similar arguments regarding PSA).

Because appellees conclusively proved Deutsche Bank was a holder of the Note, they were entitled to summary judgment on DHI's claim that they lacked standing to foreclose on the Property. We need not discuss DHI's arguments regarding the transfer of the Deed of Trust. *See* TEX. R. APP. P. 47.1.

**B. Suit to Quiet Title**

DHI contends that because the trial court erred by granting summary judgment that Deutsche Bank had standing to foreclose, the court also erred by granting

summary judgment on its claim to quiet title. We overrule this issue because the trial court did not err by granting summary judgment on the standing to foreclose issue.

## C. Other Causes of Action

DHI argues summary judgment on its fraudulent lien and fraud claims was erroneous. The fraudulent lien claim is based on civil practice and remedies code section 12.002(a). TEX. CIV. PRAC. & REM. CODE § 12.002(a). The elements of a claim under section 12.002(a) are that the defendant (1) made, presented, or used a document with knowledge that it was a "fraudulent lien or claim against real or personal property or an interest in real or personal property," (2) intended that the document be given legal effect, and (3) intended to cause the plaintiff physical injury, financial injury, or mental anguish. *Id.*; *Henning v. OneWest Bank FSB*, 405 S.W.3d 950, 963 (Tex. App.—Dallas 2013, no pet.)

The elements of common law fraud are "(1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury." *Aquaplex, Inc. v. Rancho La Valencia, Inc.*, 297 S.W.3d 768, 774 (Tex. 2009) (per curiam).

Common to both these causes of action is the element of intent: intent to cause physical or financial injury or mental anguish for section 12.002(a) and intentional

misrepresentation for fraud. DHI presented no evidence that appellees intended the Transfer of Lien and Corrective Transfer of Lien to cause DHI physical or financial injury or mental anguish or to defraud DHI. The Transfer and Corrective Transfer of Lien were recorded in 2009 and 2013, years before DHI acquired the Property in 2018, and there is no evidence that appellees had any knowledge of DHI at the time of the alleged misrepresentations. We conclude the trial court properly granted summary judgment on DHI's fraudulent lien and fraud claims. *See Ybarra*, 2018 WL 2976126, at *7–8 (concluding plaintiffs produced no evidence assignees knowingly or recklessly misrepresented their rights in assignment of lien or that assignment was executed with intent to cause plaintiffs physical injury, financial injury, or mental anguish); *see also Suniverse, LLC v. Universal Am. Mortgage Co.*, No. 09-19-00090-CV, 2021 WL 632603, at *13–14 (Tex. App.—Beaumont Feb. 18, 2021, pet. denied) (mem. op.) (same).

Next, DHI argues summary judgment was improper on its claim for negligence per se. The basis for the negligence per se claim is local government code section 192.007(a). TEX. LOC. GOV'T CODE § 192.007(a). Chapter 192 relates to instruments to be recorded by counties. *See id*. §§ 192.001–.007. Section 192.007(a) states that "[t]o release, transfer, assign, or take another action relating to an instrument that is filed, registered, or recorded in the office of the county clerk, a person must file, register, or record another instrument relating to the action in the

–10–

same manner as the original instrument was required to be filed, registered, or recorded." TEX. LOCAL GOV'T CODE § 192.007(a).

To establish negligence per se, a plaintiff must prove: (1) the defendant's act or omission is in violation of a statute or ordinance; (2) the injured person was within the class of persons which the ordinance was designed to protect; and (3) the defendant's act or omission proximately caused the injury. *Ambrosio v. Carter's Shooting Ctr., Inc.*, 20 S.W.3d 262, 265 (Tex. App.—Houston [14th Dist.] 2000, pet. denied).

DHI has cited no authority expressly holding that section 192.007 is a valid basis for a negligence per se claim. *See Ybarra*, 2018 WL 2976126, at *9 (recognizing appellant cited no authority for this proposition). Indeed, this contention has been rejected because nothing indicates the statute establishes a standard of conduct different from the common law standard of ordinary care. *See Trevarthen v. U.S. Bank Nat'l Ass'n*, No. A-13-CA-154-SS, 2013 WL 12099974, at *3 (W.D. Tex. Apr. 29, 2013) (negligence per se claim failed because "there is simply no indication" section 192.007 establishes "a specific standard of conduct different from the common-law standard of ordinary care"), *aff'd sub nom. Trevarthen v. U.S. Bank Nat. Ass'n*, 551 Fed. Appx. 148 (5th Cir. 2014); *see also Reinagel,* 735 F.3d at 227 n.27 (noting section 192.007 is "obscure provision" and is "best read as a procedural directive to county clerks, not as a prerequisite to the validity of assignments"); *Dallas Cty., Tex. v. MERSCORP, Inc.*, 2 F. Supp. 3d 938,

946 (N.D. Tex. 2014) (holding section 192.007 does not provide a private right of action), *aff'd sub nom. Harris Cty. Tex. v. MERSCORP Inc.*, 791 F.3d 545 (5th Cir. 2015); *Standiford v. CitiMortgage, Inc.*, No. 03-14-00344-CV, 2015 WL 6831578, at *5 (Tex. App.—Austin Nov. 3, 2015, pet. denied) (mem. op.) (section 192.007 is procedural directive to county clerks about how to record subsequent documents and imposes no duty to record). We conclude the trial court did not err by granting summary judgment on DHI's negligence per se claim.

### Conclusion

We join the other courts that have rejected the issues and claims raised by DHI. *See*, *e.g.*, *SGK Properties* 881 F.3d at 941–42; *Reinagel*, 735 F.3d at 228; *Trevarthen*, 2013 WL 12099974, at *3; *Suniverse*, 2021 WL 632603, at *13–14; *Ybarra*, 2018 WL 2976126, at *4–5; *EverBank*, 499 S.W.3d at 543. DHI has failed to show there was reversible error in the trial court's judgment. Accordingly, we overrule DHI's issues and affirm the trial court's judgment.


/Erin A. Nowell//
ERIN A. NOWELL
JUSTICE

210287f.p05

–12–

# S

## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

DHI HOLDINGS, LP, Appellant

No. 05-21-00287-CV        V.

DEUTSCHE BANK NATIONAL
TRUST COMPANY, AS TRUSTEE
FOR GSAMP TRUST 2006-SD1,
MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2006-
SD1; OCWEN LOAN SERVICING,
LLC; AND MORTGAGE
ELECTRONIC REGISTRATION
SYSTEMS, INC., Appellees

On Appeal from the 113th District
Court, Harris County, Texas
Trial Court Cause No. 2018-58282.
Opinion delivered by Justice Nowell.
Justices Myers and Osborne
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR GSAMP TRUST 2006-SD1, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-SD1; OCWEN LOAN SERVICING, LLC; AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. recover their costs of this appeal from appellant DHI HOLDINGS, LP.

Judgment entered this 1st day of August, 2022.