**AFFIRMED; Opinion Filed April 15, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00456-CV

**FARROKH EBRAHIMI, Appellant**

**V.**

**CALIBER HOME LOANS, INC, AND U.S. BANK TRUST, NATIONAL ASSOCIATION, AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST, Appellees**

**On Appeal from the 162nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-17-07628**

## MEMORANDUM OPINION

Before Justices Myers, Molberg, and Osborne
Opinion by Justice Myers

Appellant Farrokh Ebrahimi appeals from a summary judgment granted in favor of appellees Caliber Home Loans, Inc., and U.S. Bank Trust, National Association, as trustee for LSF9 Master Participation Trust. In three issues, appellant argues her claims are not barred by res judicata, and that she provided sufficient evidence to support her claims for violation of the Texas Debt Collection Act and the Texas Deceptive Trade Practices and Consumer Protection Act. We affirm.

### BACKGROUND AND PROCEDURAL HISTORY

On September 18, 2003, appellant Farrokh Ebrahimi executed a note for $268,000 that was payable to America's Wholesale Lender. Along with the note, appellant executed a deed of trust (collectively referred to as the "loan") granting a security interest in a property located at 1903

Ridge Creek Drive, Richardson, Texas 75082 (the "property") to secure the note. The deed of trust identified Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary under the security instrument, and America's Wholesale Lender was the lender. The deed of trust specified there would be a period of not less than thirty days from the date the notice of default was given for the borrower to cure the default. MERS subsequently assigned the deed of trust to Bank of America, N.A., the successor by merger to BAC Home Loans Servicing LP, f/k/a Countrywide Home Loans Servicing LP ("Bank of America").

Appellant defaulted on the loan by failing to make the installment payments. A notice of default dated May 4, 2012, was sent to appellant at the 1903 Ridge Creek Drive address via certified mail. It advised that the "[t]he loan is in serious default because the required payments have not been made," and stated that $15,237.82 was due within thirty days to cure the default. In a letter to appellant dated May 5, 2016, appellee Caliber Home Loans, Inc. ("Caliber") advised that on April 26, 2016, the servicing of the mortgage loan had been transferred from Bank of America to Caliber. Thereafter, on May 19, 2016, Bank of America assigned and transferred the loan to appellee U.S. Bank Trust, N.A., as trustee for the LSF9 Master Participation Trust ("U.S. Bank").

Appellant failed to cure her default under the loan and it was referred to foreclosure. A June 6, 2016 notice of acceleration and a notice of a substitute trustee's sale were sent to appellant via certified mail at the Ridge Creek Drive address. The notice of acceleration stated that Caliber was acting as the mortgage servicer for U.S. Bank, the mortgagee of the note, and that the mortgagee had accelerated the maturity date of the debt because of appellant's failure to pay the past-due balance on the debt. The accompanying notice of substitute trustee sale advised that the property would be posted for sale on July 5, 2016. In response to a letter from appellant's former attorney, Caliber sent a letter to appellant dated June 28, 2016, that enclosed a copy of the note,

the deed of trust, and the assignment of the deed of trust.  The letter reads in part as follows:

> Caliber Home Loans, Inc., hereafter known as Caliber, servicer of the above-referenced loan, provides this response to the letter received by Caliber on June 2 7, 2016, wherein [the] Kricken Law Firm requested validation of the debt owed.
>
> * * * *
>
> **Loan Background and Status**
>
> Our records reflect the following key events related to the loan:
>
> > • September 18, 2003: The loan originated with a principal balance of $268,000.00 with America's Wholesale Lender.
> > • The previous servicer of the loan was Bank of America, N.A.
> > • Caliber began servicing the loan on April 26, 2016.
> > • The loan is due for May 1, 2012 and subsequent payments.
> > • The last payment was received on December 11, 2015.
> > • Due to the delinquency of the loan, the property was referred to foreclosure on January 16, 2015.
> > • A foreclosure sale has been scheduled for July 5, 2016.
>
> **Validation of Debt**
>
> Pursuant to your request, copies of the following documents are being provided as evidence of the debt obligation to Caliber:
>
> > 1. Please refer to the enclosed Note, Deed of Trust, and Assignment of Deed of Trust.
> > 2. The current investor of the loan is LSF9 Master Participation Trust serviced by Caliber Home Loans, Inc.  Our address is 13801 Wireless Way Oklahoma City, OK 73134.  Further, the information sought in this request is proprietary information and will not be provided. Please note the origination documents are held at an off-site secured location with the respective custodian of records.
> > 3. Please refer to the enclosed payment history and Hazard Insurance Policy.

On June 30, 2016, appellant filed suit against Caliber in the 162nd Judicial District Court of Dallas County in order to stop the foreclosure sale, alleging there were questions regarding the chain of title and the deed of trust was not a valid contract.  Caliber removed the case to the United States District Court for the Northern District of Texas.  Appellant and Caliber subsequently filed an agreed stipulation of dismissal, dismissing with the prejudice the lawsuit and "all claims asserted or which could have been asserted by Plaintiff against Defendant."  The federal district

–3–

court terminated the case pursuant to the agreed stipulation of dismissal.

After the first lawsuit was dismissed, appellant still failed to make the installment payments towards the loan, and U.S. Bank again undertook preparations to conduct a foreclosure sale. On May 25, 2017, a new notice of acceleration and a notice of substitute trustee's sale were sent to appellant via certified mail to the Ridge Creek Drive address, advising appellant that the property was scheduled to be sold on July 4, 2017.

In response, appellant brought the underlying suit against Caliber and U.S. Bank on June 28, 2017 to stop the foreclosure sale, asserting causes of action for violation of the Texas Debt Collection Act (TDCA) and the Texas Deceptive Trade Practices and Consumer Protection Act (DTPA). Appellees filed a traditional and no-evidence motion for summary judgment. Appellant responded to the motion and filed a first amended petition. The amended petition included the causes of action for violation of the TDCA and the DTPA, and added a claim for wrongful foreclosure.

As part of her response, appellant included an affidavit in which she alleged that she had made all payments under the loan and that she and her husband made repeated requests to Caliber for an accounting of the loan. Appellees filed a reply in support of their motion for summary judgment that objected to appellant's summary judgment evidence because the affidavit was self-serving, conclusory, and unsubstantiated. In addition, appellees argued that appellant's claims were barred by res judicata. They also filed a supplement to their summary judgment motion that responded to the new allegations in appellant's first amended petition, arguing in part that appellant's wrongful foreclosure claim failed as a matter of law.[1]

On March 19, 2018, the trial court signed an order granting appellees' motion for summary judgment "on all grounds stated therein pursuant to Rules 166a(c) and 166a(i) of the Texas Rules

---

[1] The supplement stated that it was incorporated into appellees' summary judgment motion as if fully set forth therein.

–4–

of Civil Procedure." This appeal followed.

## DISCUSSION

### STANDARD OF REVIEW

We review the trial court's decision to grant summary judgment de novo. *Tex. Mun. Power Agency v. Pub. Util. Comm'n of Tex.*, 253 S.W.3d 184, 192 (Tex. 2007). A party seeking a no-evidence summary judgment must assert that no evidence exists as to one or more of the essential elements of the nonmovant's claim on which the nonmovant would have the burden of proof at trial. *See* TEX. R. CIV. P. 166a(i); *Henning v. OneWest Bank FSB*, 405 S.W.3d 950, 957 (Tex. App.—Dallas 2013, no pet.). "The motion must state the elements as to which there is no evidence." TEX. R. CIV. P. 166a(i). Once the movant specifies the elements on which there is no evidence, the burden shifts to the nonmovant to raise a fact issue on the challenged elements. *See* TEX. R. CIV. P. 166a(i); *Henning*, 405 S.W.3d at 957. We review a no-evidence motion for summary judgment under the same legal sufficiency standard used to review a directed verdict. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex. 2003); *Flood v. Katz*, 294 S.W.3d 756, 762 (Tex. App.—Dallas 2009, pet. denied). Our inquiry focuses on whether the nonmovant produced more than a scintilla of probative evidence to raise a fact issue on the challenged elements. *See King Ranch*, 118 S.W.3d at 751. Evidence is no more than a scintilla if it is "'so weak as to do no more than create a mere surmise or suspicion' of a fact." *King Ranch*, 118 S.W.3d at 751 (quoting *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983)). If a no-evidence motion for summary judgment and a traditional motion for summary judgment are filed which respectively asserts the plaintiff has no evidence of an element of its claim and alternatively asserts that the movant has conclusively negated that same element of the claim, we address the no-evidence motion for summary judgment first. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004).

To prevail on a traditional summary judgment motion, a movant has the burden of proving she is entitled to judgment as a matter of law and that there is no genuine issue of material fact. TEX. R. CIV. P. 166a(c); *Cunningham v. Tarski*, 365 S.W.3d 179, 185–86 (Tex. App.—Dallas 2012, pet. denied). When a defendant moves for summary judgment, she must either (1) disprove at least one essential element of the plaintiff's cause of action or (2) plead and conclusively establish each essential element of an affirmative defense, thereby defeating the plaintiff's cause of action. *Cunningham*, 365 S.W.3d at 186. In determining whether there is a genuine fact issue precluding summary judgment, evidence favorable to the nonmovant is taken as true and the reviewing court makes all reasonable inferences and resolves all doubts in the nonmovant's favor. *Id.*; *Nixon v. Mr. Prop. Mgmt. Co., Inc.*, 690 S.W.2d 546, 548–49 (Tex. 1985). A matter is conclusively established if reasonable minds cannot differ as to the conclusion to be drawn from the evidence. *Cunningham*, 365 S.W.3d at 186. Once a movant conclusively establishes an affirmative defense, the burden of production shifts to the nonmovant to present summary judgment evidence that raises a fact issue on at least one element of the movant's affirmative defense or an exception or defense to that affirmative defense. *Id.* Where, as here, the trial court's order granting summary judgment does not specify the grounds relied upon, we must affirm the summary judgment if any of the summary judgment grounds are meritorious. *Id.*

### 1. RES JUDICATA/WRONGFUL FORECLOSURE

In her first issue, appellant argues her claims are not barred by res judicata. As part of their summary judgment motion, appellees argued in part that appellant's claims in the current lawsuit were duplicative of the claims in the prior lawsuit (which was dismissed with prejudice) because both suits sought to challenge appellees' right to foreclose by challenging the chain of title. In her brief, appellant repeatedly refers to the alleged improper foreclosure when claiming res judicata should not apply to her claims in this lawsuit, arguing in part that the prior lawsuit that was

dismissed in March of 2017 concerned an improper foreclosure sale scheduled by appellees to occur in July of 2016, but in the current case the facts related to an improper foreclosure that was scheduled for July of 2017. In their response, appellees clarify that they are not arguing res judicata applies to claims asserted in appellant's first amended petition, which is her live pleading, and that they only asserted this defense in response to allegations in the original petition.

To prevail on a wrongful foreclosure claim, a plaintiff must show (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price. *Sauceda v. GMAC Mortgage Corp*., 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet.). To the extent appellant is attempting to challenge the trial court's summary judgment on her wrongful foreclosure claim by arguing it is not barred by res judicata, Texas law is clear that there is no cause of action in Texas for attempted wrongful foreclosure. *See EverBank, N.A. v. Seedergy Ventures, Inc*., 499 S.W.3d 534, 544 (Tex. App.—Houston [14th Dist.] 2016, no pet.); *In re PlainsCapital Bank*, No. 13-16-00592-CV, 2017 WL 1131092, at *5 (Tex. App.—Corpus Christi Mar. 27, 2017, no pet.) (mem. op.); *Anderson v. Baxter, Schwartz & Shapiro, LLP*, No. 14-11-00021-CV, 2012 WL 50622, at *3 (Tex. App.—Houston [14th Dist.] Jan. 10, 2012, no pet.) (mem. op.). There was no foreclosure sale in this instance because appellant obtained a temporary restraining order on June 28, 2017, the same day she filed her original petition, preventing appellees from selling the property at the scheduled foreclosure sale. Because there was no foreclosure sale, appellant's claim for wrongful foreclosure necessarily fails as a matter of law. We conclude the trial court correctly granted summary judgment on appellant's wrongful foreclosure claim, and we overrule appellant's first issue.

## 2. TEXAS DEBT COLLECTION ACT

In her second issue, appellant argues the trial court erred in granting summary judgment as

to her claim under the Texas Debt Collection Act because she presented sufficient summary judgment evidence that appellees violated sections 392.304(a)(4) and 392.304(a)(8) of the TDCA.

Section 392.304 of the TDCA, entitled "Fraudulent, Deceptive or Misleading Representations," provides in part that "in debt collection or obtaining information concerning a consumer, a debt collector may not use a fraudulent, deceptive, or misleading representation" that fails "to disclose clearly in any communication with the debtor the name of the person to whom the debt has been assigned or is owed when making a demand for money." TEX. FIN. CODE ANN. § 392.304(a)(4). The statute further provides that "a debt collector may not use a fraudulent, deceptive, or misleading representation . . . misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding." *Id*. § 392.304(a)(8).

In her summary judgment affidavit, appellant claimed that appellees failed to provide an accurate accounting of payments and credits received, failed to apply payments received, failed to disclose the name of the person to whom the debt had been assigned or was owed, and that she requested (and was never sent) documentation for an accounting and proof of the assignment of the note. In addition, appellant alleged that appellees initiated the foreclosure and scheduled the sale of the home without providing prior notice.

Appellant argues that the June 28, 2016 letter from Caliber violated section 392.304(a)(4) because it failed to clearly disclose in the communication with the debtor the name of the person to whom the debt had been assigned or was owed when making a demand for money. Appellant states in her affidavit that the "Assignment of Deed of Trust" enclosed with the letter was for the assignment from MERS to Bank of America, and it did not mention or identify either Caliber Home Loans, to whom the servicing of the mortgage loan had been transferred, or U.S. Bank Trust, the assignee/transferee of the loan. However, even if one takes these assertions at face value, the

–8–

June 28, 2016 letter identifies the owner of the debt, stating that "[t]he current investor of the loan is LSF9 Master Participation Trust." Moreover, the TDCA expressly provides that "[s]ubsection 392.304(a)(4) does not apply to a person servicing or collecting real property first lien mortgage loans or credit card debts." TEX. FIN. CODE ANN. § 392.304(b). Appellee Caliber Home Loans was the servicer of appellant's home mortgage loan, the servicing of the loan having been transferred from Bank of America in April of 2016. Accordingly, the trial court properly granted summary judgment on appellant's claim for violation of section 392.304(a)(4) of the Texas Finance Code.

Appellant also argues that she provided competent summary judgment evidence in her affidavit that appellees violated section 392.304(a)(8). Appellees respond that appellant's affidavit, to which they objected in the trial court, is conclusory, unsubstantiated, and it is not competent summary judgment evidence. Appellees argue in their brief that paragraphs 6, 8, 9, 10, 11, 15, 16, 17, and 18 of the affidavit all include conclusory statements. Although appellees did not secure a ruling on their objections in the trial court, they contend their complaints were not waived and that objections that statements in an affidavit are conclusory are defects of substance that may be raised for the first time on appeal. *See, e.g., Vice v. Kasprzak*, 318 S.W.3d 1, 11 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) ("[C]onclusory and self-serving affidavits submitted as summary judgment evidence by either the movant or the non-movant are not counted as summary judgment evidence."). We need not resolve this question. Even if we assume the affidavit was competent summary judgment evidence, appellant nonetheless failed to raise a fact issue regarding appellees' alleged violations of section 392.304(a)(8).

To begin with, appellant has not alleged appellees made any affirmative misrepresentations regarding the character or amount of the loan. For a statement to constitute a misrepresentation under the TDCA, the debt collector must have made an affirmative statement that was false or

misleading. *Thompson v. Bank of Am. Nat'l Ass'n*, 783 F.3d 1022, 1026 (5th Cir. 2015); *Kruse v. Bank of N.Y. Mellon*, 936 F. Supp. 2d 790, 792 (N.D. Tex. 2013); *see also Reynolds v. Sw. Bell Tel., L.P.*, No. 2-05-356-CV, 2006 WL 1791606, at *7 (Tex. App.—Fort Worth June 29, 2006, pet. denied) (mem. op.). Appellant claims appellees failed to provide her with an accounting of the payments and other documentation concerning the loan, but she points to no affirmative statements from appellee regarding the loan that she believed to be false or misleading. *See Burr v. JPMorgan Chase Bank, N.A.*, No. 4:11-CV-03519, 2012 WL 1059043, at *7 (S.D. Tex. Mar. 28, 2012).

Appellant also argues that appellees' failure to apply tendered loan payments is a violation of the TDCA. But as another court of appeals has noted, "nothing in the TDCA specifically makes misapplication of a payment or failure to apply a payment a prohibited misleading practice." *Shellnut v. Wells Fargo Bank, N.A.*, No. 02-15-00204-CV, 2017 WL 1538166, at *14 (Tex. App.—Fort Worth Apr. 27, 2017, pet. denied) (mem. op.). Moreover, the deed of trust expressly provided that appellees "may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current." Appellees' actions in returning payments that were insufficient to cure the default under the loan were authorized by the deed of trust and did not violate the TDCA. *See Burnette v. Wells Fargo Bank, N.A.*, No. 4:09-CV-370, 2011 WL 676955, at *5 (E.D. Tex. Jan. 27, 2011) ("[N]ot accepting Plaintiff's payments, after he defaulted on the loan, was not in violation of the Deed of Trust.").

Appellant further argues that she is entitled to relief under section 392.304(a)(8) because she provided testimony via her affidavit that she would not have dismissed her first lawsuit but for appellees' alleged representations that they would send an accurate accounting and a payoff amount to her shortly after the dismissal was finalized, and that they would not proceed with any foreclosure actions until she had an opportunity to pay whatever amount was actually owed.

Statements such as these, however, are not misrepresentations of the "character, extent, or amount of a consumer debt." *See* TEX. FIN. CODE ANN. § 392.304(a)(8); *see also Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 723 (5th Cir. 2013); *Robinson v. Wells Fargo Bank, N.A.*, 576 F. App'x. 358, 363 (5th Cir. 2014). Furthermore, Texas law provides that a promise to do or refrain from doing an act in the future is not actionable unless the promise was made with no intention of performing it at the time it was made. *See Formosa Plastics Corp. USA v. Presidio Engineers & Contractors, Inc.*, 960 S.W.2d 41, 48 (Tex. 1998); *see also Robinson*, 576 F. App'x. at 363. Neither of appellees' alleged representations satisfy this standard because appellant does not allege that appellees' alleged promises to send an accounting or delay foreclosure were made without any intention of appellees performing them at the time they were made. *See Robinson*, 576 F. App'x. at 363; *Carey v. Fargo*, No. H-15-1666, 2016 WL 4246997, at *4 (S.D. Tex. Aug. 11, 2016).

Additionally, appellees' alleged oral promise to delay foreclosure is governed by the statute of frauds. The statute of frauds bars the enforcement of loan agreements that exceed $50,000 in value unless the agreement "is in writing and signed by the party to be bound or by that party's authorized representative." TEX. BUS. & COM. CODE ANN. § 26.02(b). The definition of "loan agreement" includes an agreement to "delay repayment of money" or "to otherwise extend credit or make a financial accommodation." *Id*. § 26.02(a)(2); *Bank of Tex., N.A. v. Gaubert*, 286 S.W.3d 546, 556 (Tex. App.—Dallas, 2009, pet. dism'd w.o.j.). And oral modifications of a written contract subject to the statute of frauds are also subject to the statute of frauds if they materially alter the obligations imposed by the original contract. *Horner v. Bourland*, 724 F.2d 1142, 1148 (5th Cir. 1984); *see also Deuley v. Chase Home Finance, LLC*, Civ. A. No. H-05-04253, 2006 WL 1155230, at *2 (S.D. Tex. April 26, 2006). Therefore, agreements to modify an existing loan agreement, including to forgo or delay foreclosure, are subject to the statute of frauds. *See, e.g.,*

*Fields v. JP Morgan Chase Bank, N.A.*, 638 F. App'x. 310, 313–14 (5th Cir. 2016); *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x. 233, 241 (5th Cir. 2014); *Milton v. U.S. Bank Nat'l Ass'n*, 508 F. App'x. 326, 329 (5th Cir. 2013) (per curiam). Because the original note was for $268,000, an amount greater than $50,000, it was subject to the statute of frauds. Thus, any oral agreement to delay foreclosure, as alleged by appellant, would fall under section 26.02(b) and be included under the definition of "loan agreement" in section 26.02(a)(2).

Appellant does not claim that appellees' alleged oral promise to delay foreclosure was ever reduced to writing, nor does she allege appellees promised to sign a written agreement to postpone foreclosure that would comply with the statute of frauds. Hence, any claim under the TDCA based on appellees' alleged oral representation that they would delay foreclosure in order to give appellant an opportunity to cure default is barred by the statute of frauds. *See Buchanan v. Compass Bank*, No. 02-14-00034-CV, 2015 WL 222143, at *4 (Tex. App.—Fort Worth Jan. 15, 2015, pet. denied) (mem. op.); *Singh v. JP Morgan Chase Bank, N.A.*, No. 4:11-CV-607, 2012 WL 3904827, at *8 (E.D. Tex. July 31, 2012), *report and recommendation adopted*, No. 4:11CV607, 2012 WL 3891060 (E.D. Tex. Sept. 7, 2012).

Another argument made by appellant is that appellees violated the TDCA by initiating a foreclosure and scheduling the sale without providing prior notice. Section 51.002 of the Texas Property Code governs the sale of real property under deeds of trust or other contract liens. It provides in part that a debtor in default under a deed of trust or other contract lien must be served with written notice by certified mail stating that the debtor is in default and giving the debtor at least twenty days to cure the default before notice of sale can be given. TEX. PROP. CODE ANN. § 51.002(d). Notice of sale, in turn, must be given at least twenty-one days before the date of sale by serving written notice of the sale by certified mail on each debtor who is obligated to pay. *Id.* at § 51.002(b)(3). Section 51.002(e) adds that "[s]ervice of a notice under this section by certified

mail is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address," and that "[t]he affidavit of a person knowledgeable of the facts to the effect that service was completed is prima facie evidence of service." *Id*. § 51.002(e).

The affidavit of Nathaniel Mansi, a default service officer with Caliber, stated that on or about May 4, 2012, appellant was sent notice of her default under the loan via certified mail to appellant's last known mailing address: 1903 Ridge Creek Drive, Richardson, Texas 75082-4609. The notice, a copy of which was attached to the affidavit, stated that $15,237.82 was due within thirty days to cure the default, and it provided in part as follows:

> If the default is not cured on or before June 3, 2012, the mortgage payments **will be accelerated** with the full amount remaining accelerated and becoming due and payable in full, and foreclosure proceedings will be initiated at that time. As such, the failure to cure the default may result in the foreclosure and sale of your property.

Mansi's affidavit also stated that on or about May 25, 2017, appellant was sent a notice of substitute trustee sale via certified mail to her last known mailing address (1903 Ridge Creek Drive, Richardson, Texas 75082), advising that the property was scheduled to be posted for sale on July 4, 2017. Copies of the May 25, 2017 notice of acceleration and the notice of substitute trustee's sale were attached to the affidavit.

Appellees have produced competent summary judgment evidence that they sent appellant notice of default by certified mail that appropriately notified appellant of her default, her right to cure, the amount needed to cure, and a date by which to cure in order to avoid acceleration. The time that passed between the notice of default and the ultimate acceleration of the loan obviously far exceeded the requisite statutory period and the thirty days' notice specified in the deed of trust. Furthermore, appellant's contention in her affidavit that she never received the notice of acceleration, notice of foreclosure, or notice of substitute trustee's sale by certified mail does not establish that appellees failed to comply with the statutory requirements. The statute makes it clear

that service is completed upon deposit in the mail, not actual receipt; there is no requirement that a plaintiff physically receive the notice in order for service to be valid and effective. *See* TEX. PROP. CODE ANN. § 51.002(e); *Martins v. BAC Home Loans Serv., L.P.*, 722 F.3d. 249, 256 (5th Cir. 2013); *Thompson v. Bank of Am., N.A.*, 13 F. Supp. 3d 636, 645–46 (N.D. Tex. 2014); *see also Perkins v. Bank of Am.*, 602 F. App'x. 178, 181 (5th Cir. 2015). Indeed, appellant's contention that she never received any notice of the foreclosure is undermined by her actions in filing this suit to enjoin the foreclosure sale before it occurred. Accordingly, the trial court did not err in granting summary judgment on appellant's claims under the TDCA. We overrule appellant's second issue.

### 3. DTPA

In her third issue, appellant contends that she has provided sufficient summary judgement evidence to support her claim that appellees violated the DTPA. More specifically, appellant argues that appellees used fraudulent, deceptive, or misleading representations in the collection of appellant's debt. As support for this contention, appellant relies on statements in her summary judgment affidavit, mentioned previously, regarding appellees' alleged representation that they would send an accurate accounting and a payoff amount to her shortly after the dismissal of the first lawsuit, and that appellees would not proceed with any foreclosure actions until appellant had an opportunity to pay whatever amount was actually owed.

"The DTPA grants consumers a cause of action for false, misleading, or deceptive acts or practices." *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 649 (Tex. 1996); *see also* TEX. BUS. & COM. CODE ANN. § 17.50(a)(1). The elements of a DTPA cause of action are that (1) the plaintiff is a consumer; (2) the defendant committed a wrongful act by engaging in a false, misleading, or deceptive act that is enumerated in a subdivision of the Texas Business and Commerce Code, section 17.46(b), or breached an express or implied warranty, or engaged in an unconscionable action or course of action; and (3) the act was a producing cause of the plaintiff's damages.

*Henning v. OneWest Bank FSB*, 405 S.W.3d 950, 968 (Tex. App.—Dallas 2013, no pet.); *Godfrey v. Security Serv. Fed. Credit Union*, 356 S.W.3d 720, 725 (Tex. App.—El Paso 2001, no pet.); *see also Cushman v. GC Servs*., LP, 657 F. Supp. 2d 834, 842 (S.D. Tex. 2009).

But the DTPA only provides a cause of action for "consumers," and a consumer is defined as "an individual . . . who seeks or acquires by purchase or lease, any goods or services." TEX. BUS. & COM. CODE ANN. § 17.45(4); *Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378, 386 (Tex. 2000); *Riverside Nat'l Bank v. Lewis*, 603 S.W.2d 169, 173 (Tex. 1980). In order to qualify as a consumer under the DTPA a person "must seek or acquire goods or services by lease or purchase" and "the goods or services sought or acquired must form the basis of the party's complaint." *Fix v. Flagstar Bank, FSB*, 242 S.W.3d 147, 159 (Tex. App.—Fort Worth 2007, pet. denied). Whether a person meets these requirements is a question of law. *Id.*

"Generally, a person cannot qualify as a consumer if the underlying transaction is a pure loan because money is considered neither a good nor a service." *Id*. (citing *Riverside Nat'l Bank v. Lewis*, 603 S.W.2d 169, 173–74 (Tex. 1980)); *see also Fuller v. Preston State Bank*, 667 S.W.2d 214, 219 (Tex. App.—Dallas 1983, writ ref'd n.r.e.); *Comerica Bank–Texas v. Hamilton*, No. 05-93-01804-CV, 1997 WL 421214 at *7 (Tex. App.—Dallas July 28, 1997, no writ) (not designated for publication). Since the *Riverside* decision, however, "the supreme court has limited the case to its facts, emphasizing that the claimant in *Riverside* sought only an extension of credit and nothing more." *Fix*, 242 S.W.3d at 159. Thus, borrowers can qualify as consumers if they borrow money for the purpose of buying a good or service and their complaint concerns the good or service they purchased. *See, e.g., La Sara Grain Co. v. First Nat'l Bank of Mercedes*, 673 S.W.2d 558, 567 (Tex. 1984); *Flenniken v. Longview Bank & Trust Co*., 661 S.W.2d 705, 707 (Tex. 1983); *League v. Am. Home Mortg. Servicing Co.*, No. 02-12-00317-CV, 2013 WL 4679932, at *5 (Tex. App.—Fort Worth Aug. 29, 2013, no pet.) (mem. op.); *Jackson v. Comerica Bank*, No. 05-05-

01358-CV, 2007 WL 926401, at *1 (Tex. App.—Dallas Mar. 29, 2007, no pet.) (mem. op.).

"A mortgagor qualifies as a consumer under the DTPA if his or her primary objective in obtaining the loan was to acquire a good or service, and that good or service forms the basis of the complaint." *Miller*, 726 F.3d at 725. But a mortgagor challenging how an existing mortgage is serviced is not a consumer because the basis of the claim is "the subsequent loan servicing and foreclosure activities, rather than the goods or services acquired in the original transaction." *Rojas v. Wells Fargo Bank, N.A.*, 571 F. App'x. 274, 279 (5th Cir. 2014) (citing *Miller*, 726 F.3d at 725). Also, "[a]n activity related to a loan transaction is a 'service' for DTPA purposes only if the activity at issue is, from the plaintiff's point of view, an objective of the transaction, not merely incidental to it." *White v. Mellon Mort. Co.*, 995 S.W.2d 795, 801 (Tex. App.—Tyler 1999, no pet.).

Appellant's DTPA claim is not premised on any deceptive acts regarding the purchase of the property itself. Her claims—e.g., that appellees failed to provide her with an accurate accounting and failed to comply with an alleged oral agreement to delay foreclosure—are based on how the mortgage loan was administered or serviced. *See Everson v. Mineola Comm. Bank,* No. 12-05-334-CV, 2006 WL 2106959, at *2 (Tex. App.—Tyler July 31, 2006, pet. denied) (mem. op.); *Comerica Bank–Tex.*, 1997 WL 421214, at *1. Moreover, the servicing of an existing loan, foreclosure activities, and a request to modify an existing loan do not involve a good or service under the DTPA. *See, e.g., Hansberger v. EMC Mortg. Corp.*, No. 04-08-00438-CV, 2009 WL 2264996, *2 (Tex. App.—San Antonio July 29, 2009, pet. denied) (mem. op.) (citing *Maginn v. Norwest Mortg., Inc.*, 919 S.W.2d 164, 167 (Tex. App.—Austin 1996, no pet.)); *Fowler v. U.S. Bank Nat'l Ass'n*, 2 F. Supp. 3d 965, 974–75 (S.D. Tex. 2014).

As we noted before, appellant does not complain about any allegedly deceptive acts related to financing the purchase of the property; her complaints concern activities that pertain to the servicing of the mortgage loan. *See Brown v. Bank of Galveston, Nat'l Ass'n*, 930 S.W.2d 140,

144 (Tex. App.—Houston [14th Dist.] 1996), *aff'd*, 963 S.W.2d 511 (Tex. 1998).  In fact, appellees played no role in the transaction under which appellant purchased the property; they were subsequent assignees/transferees.  *See Reule v. M & T Mortgage*, 483 S.W.3d 600, 614 (Tex. App.—Houston [14th Dist.] 2015, pet. denied).  Accordingly, we conclude the trial court did not err in granting summary judgment on appellant's DTPA claim, and we overrule appellant's third issue.

We affirm the trial court's judgment.


/Lana Myers/
LANA MYERS
JUSTICE


180456F.P05



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

FARROKH EBRAHIMI, Appellant

No. 05-18-00456-CV     V.

CALIBER HOME LOANS, INC, AND
U.S. BANK TRUST, NATIONAL
ASSOCIATION, AS TRUSTEE FOR
LSF9 MASTER PARTICIPATION
TRUST, Appellees

On Appeal from the 162nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-17-07628.
Opinion delivered by Justice Myers.
Justices Molberg and Osborne participating.

     In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**. It is **ORDERED** that appellees CALIBER HOME LOANS, INC, AND U.S. BANK TRUST, NATIONAL ASSOCIATION, AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST recover their costs of this appeal from appellant FARROKH EBRAHIMI.

Judgment entered this 15th day of April, 2019.