

# NUMBER 13-20-00159-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**ADA ELIZONDO,**                                       **Appellant,**

**v.**

**U.S. BANK, N.A.,**                                           **Appellee.**

---

### On appeal from the County Court at Law No. 6
### of Hidalgo County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Silva
Memorandum Opinion by Justice Silva**

Appellant Ada Elizondo brought a suit against appellee, U.S. Bank, N.A. (U.S. Bank),

and Shapiro Schwartz, LLP (Shapiro)[1] asserting multiple claims and seeking injunctive relief

---

[1] Shapiro, a law firm, is a named defendant in Elizondo's original petition and each amended petition filed thereafter. Elizondo additionally named Nationstar Mortgage LLC (Nationstar) as a defendant in the body of her first amended petition, filed November 15, 2017. However, Nationstar is not identified in the style of the case. In a letter brief to this Court, Elizondo confirmed that U.S. Bank is the only defendant on this case that was ever served or answered, and therefore, this Court has jurisdiction to review this appeal concerning only

to prevent the foreclosure of her home following her mortgage default. U.S. Bank moved for summary judgment on all of Elizondo's claims. By seven issues, which we have consolidated into one, Elizondo asserts that the trial court erred in granting U.S. Bank's no-evidence and traditional summary judgment motions. We affirm.

## I. BACKGROUND

Elizondo obtained a loan to purchase her home on January 19, 2006, from Argent Mortgage Company, LLC (Argent) in the principal amount of $159,920.00 and executed a promissory note as well as a deed of trust pledging the subject property as security for the loan. Following a series of assignments, U.S. Bank became the final entity to purchase the promissory note and deed of trust. Nationstar Mortgage LLC (Nationstar) began servicing the loan in 2013 and remains the servicer for the loan.

On July 10, 2017, Nationstar sent Elizondo a letter via certified and regular mail notifying her that she was "past due for the [May 1, 2017] payment and due for all payments from and including that date," and Elizondo was therefore in "default under the terms and conditions of the mortgage loan." Nationstar demanded "a payment of $4,270.29, which [was] the total amount due and owing as of the date of this letter, including all late payments . . ." by August 9, 2017, to cure the default and to avoid acceleration of the loan.

---

U.S. Bank. *See Fair Oaks Hous. Partners, LP v. Hernandez*, 616 S.W.3d 602, 605 (Tex. App.—Houston [14th Dist.] 2020, no pet.) ("A judgment is final for purposes of appeal when (1) the judgment expressly disposes of some, but not all, defendants; (2) the only remaining defendants have not been served or answered; and (3) nothing in the record indicates the plaintiff ever expected to obtain service on the unserved defendants, such that the case 'stands as if there had been a discontinuance' as to the unserved defendants." (quoting *Youngstown Sheet & Tube Co. v. Penn*, 363 S.W.2d 230, 232 (Tex. 1962))); *see also Dockum v. Wal-Mart Stores Tex., LLC*, No. 13-10-00328-CV, 2012 WL 256124, at *2 (Tex. App.—Corpus Christi–Edinburg Jan. 26, 2012, no pet) (mem. op.).

At some unspecified point, Elizondo paid Nationstar $4,500.00.[2] Elizondo asserts that the entire amount was "sufficient to cover approximately [three] periodic payments," and U.S. Bank, through its servicer Nationstar, had "acknowledged and agreed in [a] phone conversation that the monies would be applied as periodic payments."

On September 28, 2017, Shapiro sent Elizondo notice of acceleration and posting by certified mail.[3] Elizondo was advised that if she intended to "avoid the foreclosure sale of [her] property, all sums due must be paid prior to the date of sale," scheduled for November 7, 2017. The notice contained the time, location, and terms of the sale.

Elizondo filed suit against U.S. Bank and Shapiro on November 3, 2017, alleging wrongful foreclosure, breach of contract, and unfair debt collection practices. Elizondo requested and was granted a temporary restraining order and injunction to stall the scheduled foreclosure proceedings. U.S. Bank filed a timely original answer, and on February 14, 2019, U.S. Bank filed no-evidence and traditional motions for summary judgment. U.S. Bank asserted that Elizondo's three claims failed for the following reasons: (1) Elizondo cannot recover under a claim of wrongful foreclosure where no foreclosure occurred; (2) Elizondo has not shown U.S. Bank breached the loan agreement and cannot prove damages as she remains in possession of the property; and (3) Elizondo has not shown that U.S. Bank "misrepresent[ed] the status of a consumer debt" or took "any action prohibited by law" for purposes of proceeding under her debt collection claim. As evidence,

---

[2] Elizondo's original petition states she submitted the payment via check, but the record is otherwise silent regarding when the payment was made, and a copy of the check was not included in the record. U.S. Bank does not contest that the payment was made at an unspecified point.

[3] The parties dispute when Shapiro became engaged to begin foreclosure proceedings. Elizondo claims in her original petition that the appointment occurred on October 18, 2017, but no documents were provided in substantiation of Elizondo's claim.

U.S. Bank attached an affidavit from an officer of Nationstar; the note; the deed of trust; prior deed assignments indicating U.S. Bank is the current mortgage owner; a servicing transfer letter; notices of default; and a letter concerning the acceleration, posting, and notice of sale of the subject property.

Elizondo thereafter filed an amended petition on April 29, 2019, raising new complaints for waiver and estoppel[4] and asserting Deceptive Trade Practices Act (DTPA) violations. U.S. Bank submitted amended motions for summary judgment which addressed Elizondo's new claims. U.S. Bank argued Elizondo was unable to satisfy any element of her DTPA claim, and Elizondo's estoppel and waiver claims failed because (1) she "has not articulated whether she asserts a claim for promissory estoppel or equitable estoppel," and neither theory supports her allegations; and (2) waiver is not an independent cause of action.[5]

Elizondo filed a response on August 26, 2019, and as evidence, she attached a signed affidavit that reads as follows:

> My name is Ada Elizondo. I am fully competent to make and give this Affidavit. [I] have personal knowledge of the facts stated herein, and they are true and correct.
>
> [I] filed suit after Defendant moved to foreclose on my home. I had submitted a $4,500.00 payment to Defendant for my mortgage. On a phone conversation which the Defendant said was recorded, the Defendant said it would accept my payments to apply as monthly payments. It was agreed with Defendant's phone representative that the payment would not simply reduce my principal balance payment. If it would have, then I would have held the money and just made the monthly payments as they became due. I was very surprised to learn that, despite what the Defendant had agreed to, the $4,500.00 payment was

---

[4] Elizondo's "waiver and estoppel" claim reads in its entirety: "To the fullest extent possible, Plaintiff asserts the doctrines of waiver and estoppel to this matter."

[5] On appeal, Elizondo claims waiver was not a cause of action asserted.

just applied to reduce my principal balance. This put me in default the very next month, as I did not have the money to pay the next payment. This then snowballed and resulted in my home being filed for foreclosure as my note balance was accelerated. When Defendant failed to apply the payment as I instructed and as they agreed to[,] this caused the problems with my mortgage payments being late[] because I could not afford the next payments.

[I] have requested a payment history for exact dates through my lawyer, but [U.S.] Bank has not provided it to date.

U.S. Bank moved to strike Elizondo's affidavit, arguing it was hearsay and conclusory. The trial court granted U.S. Bank's traditional and no-evidence motions for summary judgment but made no ruling on U.S. Bank's written motion to strike Elizondo's evidence. Elizondo filed a motion for new trial, which was denied by operation of law. This appeal followed.

## II. DISCUSSION

### A. Standard of Review and Applicable Law

Our review of a summary judgment is de novo. *Eagle Oil & Gas Co. v. TRO-X, L.P.*, 619 S.W.3d 699, 705 (Tex. 2021). We take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Bush v. Lone Oak Club, LLC*, 601 S.W.3d 639, 646 (Tex. 2020). "When a party moves for both traditional and no-evidence summary judgments, we first consider the no-evidence motion." *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 219 (Tex. 2017). Under Rule 166a(i), a party may move for a no-evidence motion for summary judgment "on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial." TEX. R. CIV. P. 166a(i). "To defeat a no-evidence motion, the non-movant must produce evidence

raising a genuine issue of material fact as to the challenged elements." *Parker*, 514 S.W.3d at 220. "If the non-movant fails to meet its burden under the no-evidence motion, there is no need to address the challenge to the traditional motion as it necessarily fails." *Id.* at 219.

To be entitled to traditional summary judgment, a movant must establish there is no genuine issue of material fact so that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Painter v. Amerimex Drilling I, Ltd.*, 561 S.W.3d 125, 130 (Tex. 2018). A defendant who conclusively negates a single essential element of a cause of action or conclusively establishes an affirmative defense is entitled to summary judgment on that claim. *Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 84 (Tex. 2018) (citing *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995)). "If the movant carries this burden, the burden shifts to the non-movant to raise a genuine issue of material fact precluding summary judgment." *Siegler*, 899 S.W.2d at 197. Evidence is conclusive only if reasonable people could not differ in their conclusions. *Cmty. Health Sys. Prof'l Servs. Corp. v. Hansen*, 525 S.W.3d 671, 681 (Tex. 2017); *City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005).

Where, as here, "the trial court's order does not specify the grounds for its summary judgment, we must affirm the summary judgment if any of the theories presented to the trial court and preserved for appellate review are meritorious." *Provident Life & Acc. Ins. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003); *see Sw. Bell Tel., L.P. v. Emmett*, 459 S.W.3d 578, 587 (Tex. 2015). We address each of Elizondo's claims against U.S. Bank in turn.

## B. Wrongful Foreclosure

Elizondo sued U.S. Bank for wrongful foreclosure. "Under Texas law, a cause of action for wrongful foreclosure has three elements: '(1) a defect in the foreclosure sale

proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price.'" *Houle v. Casillas*, 594 S.W.3d 524, 540 (Tex. App.—El Paso 2019, no pet.) (quoting *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi–Edinburg 2008, no pet.)); *see also Pineda REO, LLC v. Lomix Ltd. P'ship*, No. 13-17-00277-CV, 2019 WL 5799990, at *5 (Tex. App.—Corpus Christi–Edinburg Nov. 7, 2019, pet. denied) (mem. op.). "The purpose of a wrongful foreclosure action is to protect mortgagors against those sales where, through mistake, fraud, or unfairness, the sale results in an inequitably low price." *Casillas*, 594 S.W.3d at 540 (quoting *In re Keener*, 268 B.R. 912, 921 (Bankr. N.D. Tex. 2001)); *see Am. Sav. & Loan Ass'n of Hous. v. Musick*, 531 S.W.2d 581, 587 (Tex. 1975) ("There must be evidence of irregularity, though slight, which irregularity must have caused or contributed to cause the property to be sold for a grossly inadequate price."). A wrongful foreclosure action does not encompass a claim for *attempted* wrongful foreclosure. *See EverBank, N.A. v. Seedergy Ventures, Inc.*, 499 S.W.3d 534, 544 (Tex. App.—Houston [14th Dist.] 2016, no pet.); *see also In re PlainsCapital Bank*, No. 13-16-00592-CV, 2017 WL 1131092, at *5–6 (Tex. App.—Corpus Christi–Edinburg Mar. 27, 2017, no pet.) (mem. op.) ("[T]here is no cause of action in Texas for attempted wrongful foreclosure.").

Elizondo does not dispute that no foreclosure has occurred in this case.[6] Because Elizondo did not provide evidence of a foreclosure, *see* TEX. R. CIV. P. 166a(i), the trial court appropriately granted U.S. Bank's no-evidence motion for summary judgment on this claim, and we need not address Elizondo's challenge of the trial court's ruling on U.S. Bank's

---

[6] In response to U.S. Bank's motions for summary judgment, Elizondo requested that the trial court "defer ruling until any eventual foreclosure, at which time the claims would certainly be ripe."

motion for traditional summary judgment. *See Parker*, 514 S.W.3d at 219; *EverBank*, 499 S.W.3d at 544.

**C. Breach of Contract**

Elizondo also brought forth a breach of contract claim against U.S. Bank stemming from U.S. Bank's alleged failure to provide notice as required by the note and deed of trust.

To succeed on a breach of contract action, Elizondo must show (1) the existence of a valid contract, (2) performance or tendered performance by the plaintiff, (3) breach of the contract by the defendant, and (4) damages sustained by the plaintiff as a consequence of that breach. *Pathfinder Oil & Gas, Inc. v. Great W. Drilling, Ltd.*, 574 S.W.3d 882, 890 (Tex. 2019); *Pisharodi v. Columbia Valley Healthcare Sys., L.P.*, 622 S.W.3d 74, 83 (Tex. App.—Corpus Christi–Edinburg 2020, no pet.). In its no-evidence summary judgment motion, U.S. Bank argued Elizondo is unable to show evidence of a breach or damages.

Elizondo's pleading, with respect to her breach of contract claim, stated in its entirety:

5.    COUNT TWO: BREACH OF CONTRACT

The Deed of Trust contains notice requirements that need to be followed by both Defendants, including the Substitute Trustee in its duty of impartiality and fairness. Such Notices including acceleration, positing, and as described in Paragraph 22 of the applicable Deed of Trust were not followed. For such breach, Plaintiff seeks damages and injunctive [r]elief.

Neither party disputes the existence of a valid contract: the note and deed of trust. U.S. Bank produced evidence demonstrating that U.S. Bank provided the appropriate notices pursuant to the contract language in its motions for summary judgment. In response, Elizondo did not address or provide evidence of the breach alleged in her pleadings and challenged by U.S.

8

Bank. To the extent Elizondo produced evidence of breach,[7] it was not the breach she alleged. Because Elizondo did not produce evidence raising a genuine issue of material fact as to the challenged pleaded element, namely, U.S. Bank's purported breach of contract based on its failure to provide proper notices under the contact, the trial court appropriately granted U.S. Bank's no-evidence motion for summary judgment on this claim. *See Parker*, 514 S.W.3d at 220.

**D.      Unfair Debt Collection**

Elizondo additionally asserted an unfair debt collection claim although it is unclear what exact provision of the finance code she claims was violated. *See* TEX. FIN. CODE ANN. §§ 392.301–.304 (prohibited debt collection methods). Elizondo's pleading states in its entire relevant portion:

> 6.      COUNT THREE: UNFAIR DEBT COLLECTION
>
> Defendants U.S. Bank National Association and Nationstar Mortgage LLC have engaged in unfair debt collection by misrepresenting the status of a consumer debt and by taking action prohibited by law. In this regard Plaintiff seeks injunctive relief as provided by the Texas Finance Code, together with economic damages.

In its no-evidence motion for summary judgment, U.S. Bank construed Elizondo's claim as one under § 392.301(a)(8) and § 392.304(a)(8) of the finance code and argued that Elizondo failed to provide evidence of either. *See id.* §§ 392.301(a)(8), 392.304(a)(8). Elizondo's pleading and responses to U.S. Bank's joint motions for summary judgment provide little insight because Elizondo did not cite to the applicable statute where appropriate. However, Elizondo cites to § 392.304 in her brief and argues, as she did before

---

[7] Elizondo narrowly argued that the breach element was satisfied by new, never pleaded allegations that U.S. Bank improperly orally modified the contract.

the trial court, that her uncontroverted affidavit establishes that U.S. Bank "misrepresented the status of the debt—that the lump sum would be applied as payments, not a simple principal reduction." *See id.* § 392.304. Thus, we interpret Elizondo's claim to be under § 392.304 of the finance code, entitled "Fraudulent, Deceptive, or Misleading Representations." *See id.* § 392.304. Of the nineteen enumerated fraudulent, deceptive, or misleading practices contained in § 392.304, only subsection (a)(8) concerns the misrepresentation of debts. *Id.* Specifically, § 392.304(a)(8) makes it unlawful for a debt collector to "misrepresent[] the character, extent, or amount of a consumer debt or misrepresent[] the consumer debt's status in a judicial or governmental proceeding." *Id.*

Therefore, to prevail on her unfair debt collection claim, Elizondo must prove that (1) the debt at issue is a consumer debt; (2) U.S. Bank was a debt collector; (3) U.S. Bank committed a wrongful act in violation of § 392.304(a)(8) against Elizondo; and (4) the wrongful act injured her. *See id.* §§ 392.001, 392.304(a)(8); *see also Gaber v. U.S. Bank Nat'l Ass'n*, No. 02-19-00243-CV, 2020 WL 5242419, at *5 (Tex. App.—Fort Worth Sept. 3, 2020, pet. denied) (mem. op.); *Kyle v. Strasburger*, No. 13-13-00609-CV, 2019 WL 1487357, at *11 (Tex. App.—Corpus Christi–Edinburg Apr. 4, 2019, no pet.) (mem. op.).

U.S. Bank argues that the trial court was precluded, as we are now, from considering Elizondo's affidavit as evidence because the affidavit is conclusory, self-serving, and contained hearsay. *See* TEX. R. CIV. P. 166a; *Rogers v. RREF II CB Acquisitions, LLC*, 533 S.W.3d 419, 436 (Tex. App.—Corpus Christi–Edinburg 2016, no pet.) ("A conclusory statement is one that does not provide the underlying facts to support the conclusion and, therefore, is not proper summary-judgment proof."); *see also Hernandez v. El Paso Prod.*

10

*Co.*, No. 13-09-184-CV, 2011 WL 1442991, at *7 (Tex. App.—Corpus Christi–Edinburg Apr. 14, 2011, pet. denied) (mem. op.) ("Summary judgment based on the uncontroverted affidavit of an interested witness is proper if the evidence is clear, positive, direct, otherwise credible, free from contradictions and inconsistencies and could have been readily controverted."). However, we need not resolve this question. Even if we assume Elizondo's affidavit was permissible summary judgment evidence, it does not provide evidence of a misrepresentation under § 392.304(a)(8). *See* TEX. FIN. CODE ANN. § 392.304(a)(8).

Elizondo's affidavit states, in relevant part, that she was told U.S. Bank "would accept [her] payments to apply as monthly payments," and its "fail[ure] to apply the payment as [she] instructed and as they agreed to[,] . . . caused the problems with [her] mortgage payments being late." Notably, Elizondo does not argue that U.S. Bank's actions constituted a misrepresentation of the "character, extent, or amount of a consumer debt," in reference to the former part of the statute. *See id*.; *Washington-Jarmon v. Onewest Bank, FSB*, 513 S.W.3d 103, 114 (Tex. App.—Houston [14th Dist.] 2016, no pet.) ("Because the only evidence presented by appellant does not raise a fact issue on whether there was a misrepresentation regarding the amount of the debt, the trial court did not err by granting summary judgment on appellant's claim for a violation of the Act."); *see also Ebrahimi v. Caliber Home Loans, Inc.*, No. 05-18-00456-CV, 2019 WL 1615356, at *5 (Tex. App.—Dallas Apr. 15, 2019, pet. denied) (mem. op.) (concluding that plaintiff's claim—that the defendants "fail[ed] to apply tendered loan payments," and as a consequence, her account remained in default—did not entitle the plaintiff to relief under § 392.304(a)(8)); *Shellnut v. Wells Fargo Bank, N.A.*, No. 02-15-00204-CV, 2017 WL 1538166, at *14 (Tex. App.—Fort

11

Worth Apr. 27, 2017, pet. denied) (mem. op.) ("[N]othing in [§ 392.304] specifically makes misapplication of a payment or failure to apply a payment a prohibited misleading practice."). Rather, Elizondo asserts only that U.S. Bank misrepresented "the status of [her] consumer debt," in reference to the latter half of § 392.304(a)(8). *See* TEX. FIN. CODE ANN. § 392.304(a)(8). Elizondo's reliance on the latter part of the provision is misplaced; the statute prohibits a misrepresentation of "the consumer debt's status *in a judicial or governmental proceeding*."[8] *See id.* (emphasis added). Even assuming that U.S. Bank's statements constituted a misrepresentation of Elizondo's debt status, there was no evidence presented that this alleged conversation between Elizondo and a Nationstar representative occurred in a judicial or governmental proceeding. *See Jaster v. Comet II Const., Inc.*, 438 S.W.3d 556, 564 (Tex. 2014) ("An action is a judicial proceeding, either in law or in equity, to obtain certain relief at the hands of the court." (quoting *Elmo v. James*, 282 S.W. 835, 839 (Tex. Civ. App.—Fort Worth 1926, writ dism'd w.o.j.) (cleaned up))); *Proceeding*, BLACK'S LAW DICTIONARY (11th ed. 2019) (defining "judicial proceeding" as "[a]ny court proceeding; any proceeding initiated to procure an order or decree, whether in law or in equity.").

Because Elizondo did not provide evidence of a violation under § 392.304(a)(8), the trial court appropriately granted U.S. Bank's no-evidence motion for summary judgment on this claim. *See* TEX. FIN. CODE ANN. § 392.304(a)(8); *Parker*, 514 S.W.3d at 220.

**E.    DTPA**

Elizondo additionally sued U.S. Bank under the DTPA. "DTPA claims are created by statute." *Jody James Farms, JV v. Altman Grp., Inc.*, 547 S.W.3d 624, 638 (Tex. 2018). The

---

[8] We note that Elizondo does not explain in her brief how the affidavit provides evidence of the aforementioned.

12

DTPA seeks to "encourage consumers to litigate claims that would not otherwise be economically feasible and to deter the conduct the DTPA forbids." *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 649 (Tex. 1996); *see* TEX. BUS. & COM. CODE ANN. § 17.50 (conferring standing to "consumers"). Elizondo specifically sued U.S. Bank under DTPA § 17.46(b)(12), which prohibits a defendant from "representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law." *See* TEX. BUS. & COM. CODE ANN. § 17.46(b)(12); *Gotcher v. Barnett*, 757 S.W.2d 398, 403 (Tex. App.—Houston [14th Dist.] 1988, no writ).

Thus, to prevail in a DTPA action, Elizondo must provide evidence of the following: (1) she is a consumer as defined by the statute, (2) U.S. Bank "represent[ed] that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law," and (3) "these acts constituted a producing cause of [Elizondo's] damages." *See* TEX. BUS. & COM. CODE ANN. § 17.46(b)(12); *Doe v. Boys Clubs of Greater Dall., Inc.*, 907 S.W.2d 472, 478 (Tex. 1995). "Consumer" is defined as "an individual, partnership, corporation, this state, or a subdivision or agency of this state who seeks or acquires by purchase or lease, any goods or services . . . ." TEX. BUS. & COM. CODE ANN. § 17.45(4); *see, e.g.*, *Amstadt*, 919 S.W.2d at 650 (concluding that homeowners were consumers under the DTPA where "the homeowners purchased homes equipped with polybutylene plumbing systems," "[t]hese systems are goods, and they form the basis of the homeowners' complaints"). "'Producing cause' means 'a substantial factor which brings about the injury and without which the injury would not have occurred.'" *Brown v. Tarbert, LLC*, 616 S.W.3d 159, 167–68 (Tex. App.—Houston [14th Dist.] 2020, pet. denied) (quoting

13

*Doe*, 907 S.W.2d at 481). "[A]n affirmative misrepresentation, rather than a failure to disclose, is required" to violate § 17.46(b)(12). *Lindsey Constr., Inc. v. AutoNation Fin. Servs., LLC*, 541 S.W.3d 355, 365 (Tex. App.—Houston [14th Dist.] 2017, no pet.). U.S. Bank challenged Elizondo's ability to provide evidence of all three DTPA elements.

As to the first element, U.S. Bank argues that Elizondo, as a mortgagor, is not a "consumer" under the act. *See* TEX. BUS. & COM. CODE ANN. § 17.45(4). Elizondo acquiesces to her non-consumer status under the DTPA but avers that "the prong of the DTPA sued upon does not require proving consumer status." Elizondo argues this interpretation is supported by a case from our sister court. *See Webb v. Int'l Trucking Co., Inc.*, 909 S.W.2d 220, 228 (Tex. App.—San Antonio 1995, no writ).

However, Elizondo's reliance on *Webb* is misguided. *Webb* concluded that the terms of § 17.46(b)(12) do "not require consumer status, and do[] not involve a seeking to acquire goods or services by purchase or lease" only under limited circumstances—when a plaintiff is bringing an action under article 21.21 of the Texas Insurance Code, a since repealed insurance code provision. *See* Act of May 19, 1995, 74th Leg., R.S., ch. 414, § 13, 1995 Tex. Gen. Laws 2988, 3000, *repealed and recodified by* Act of June 1, 2003, 78th Leg., R.S., ch. 1274, § 26(a)(1), 2003 Tex. Gen. Laws 4138 (current version in TEX. INS. CODE ANN. § 541.151) (emphasis added); *Webb*, 909 S.W.2d at 228. The *Webb* court reasoned that article 21.21 of the Texas Insurance Code "states relief is available to 'any person[,]'" which is "broader than the DTPA, which, by itself, is limited to consumers." *Webb*, 909 S.W.2d at 226. The Texas Supreme Court observed the limitation in *Casteel*, citing *Webb* and narrowly holding that a plaintiff is "not required to be a consumer to bring an Article 21.21 claim for

14

the violation of DTPA [§] 17.46(b)(12)." *Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378, 387 (Tex. 2000); *see Brown & Brown of Tex., Inc. v. Omni Metals, Inc.*, 317 S.W.3d 361, 380 (Tex. App.—Houston [1st Dist.] 2010, pet. denied).

Unlike the plaintiffs in *Webb* and *Casteel*, Elizondo does not bring forth an insurance code action wherein § 17.46(b)(12) is merely incorporated as an element within the principal action. *Cf. Casteel*, 22 S.W.3d at 387; *Webb*, 909 S.W.2d at 228. Rather, her cause of action here is her stand-alone DTPA claim. *See* TEX. BUS. & COM. CODE ANN. § 17.46(b)(12); *see also Sandoval v. DISA, Inc.*, No. 01-17-00846-CV, 2018 WL 6379665, at *10 (Tex. App.— Houston [1st Dist.] Dec. 6, 2018, pet. denied) (mem. op.) (concluding that because plaintiff's DTPA claim "does not arise under the Insurance Code," "*Casteel* does not relieve him from the requirement that he prove consumer status for standing to sue under the DTPA"). Because Elizondo is required to show evidence that she is a consumer under § 17.46(b)(12), and she concedes her non-consumer status, the trial court appropriately granted U.S. Bank's no-evidence motion for summary judgment on this claim. *See* TEX. BUS. & COM. CODE ANN. § 17.46; *Parker*, 514 S.W.3d at 220.

## F.    Promissory Estoppel

As noted *supra*, Elizondo brought a claim of "estoppel" against U.S. Bank, and U.S. Bank objected to Elizondo's lack of specificity and addressed what it presumed to be a promissory estoppel or equitable estoppel claim. *See Rima Group, Inc. v. Janowitz*, 573 S.W.3d 505, 513 (Tex. App.—Houston [14th Dist.] 2019, no pet.) (observing that "[t]he law features many types of estoppel, including quasi-estoppel, equitable estoppel, judicial estoppel, and estoppel by deed"). In Elizondo's response to U.S. Bank's motions for

15

summary judgment, Elizondo's sole reference to her estoppel claim is subsumed in an objection to U.S. Bank's summary judgment evidence: "Defendant claims that Plaintiff's pleading of waiver and estoppel is not relevant because such claims are not causes of action. Along the same vein, because Defendant did not plead any breach by Plaintiff, it cannot in turn submit evidence of alleged breach." Elizondo did not identify any evidence in support of her estoppel claim in her summary judgment reply. On appeal, Elizondo maintains that her affidavit constituted sufficient "summary judgment evidence to support her promissory estoppel claim," and U.S. Bank failed to "discharge its burden of proof" on its summary judgment motions.

Promissory estoppel requires a showing of: (1) a promise; (2) foreseeability of reliance upon the promise by the promisor; and (3) substantial reliance by the promisee to his detriment. *Beverick v. Koch Power, Inc.*, 186 S.W.3d 145, 152 (Tex. App.—Houston [1st Dist.] 2005, pet. denied) (citing, among others, *English v. Fischer*, 660 S.W.2d 521, 524 (Tex. 1983)). The doctrine of promissory estoppel, however, "presumes no contract exists." *Rachal v. Reitz*, 403 S.W.3d 840, 848 (Tex. 2013) (quoting *Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 226 (Tex. 2002)); *see also Pabla v. Myers*, No. 13-20-00292-CV, 2021 WL 3196965, at *5–6 (Tex. App.—Corpus Christi–Edinburg July 29, 2021, no pet. h.) (mem. op.) ("Because there was no valid contract between the parties, promissory estoppel may apply to [the appellant's] allegations."). "Promissory estoppel is an equitable remedy that is unavailable when an express contract covers the dispute's subject matter." *Spicer v. Maxus Healthcare Partners, LLC*, 616 S.W.3d 59, 122 (Tex. App.—Fort Worth 2020, no pet.).

16

Elizondo claims in her affidavit that U.S. Bank promised to apply her $4,500 payment to future "periodic payments," and in reliance of U.S. Bank's promise, Elizondo made the payment, and her loan went into default the subsequent month after she was unable to pay the next month's payment. However, the oral agreement Elizondo alleges occurred concerns a contracted matter: the application of payments. Elizondo does not dispute that the note and deed she signed explicitly provided when and how payments must be made: "[P]ayments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note." The note additionally stated: "If I make a prepayment of an amount less than the amount needed to completely repay all amounts due under this Note and Security Instrument, my regularly scheduled payments of principal and interest will not change as a result." Moreover, the note contained a "No Oral Agreements" provision, which read in relevant part: "This written agreement represents the final agreement between the parties and may not be contradicted by evidence of prior, contemporaneous, or subsequent oral agreements of the parties."

Because an express contract governs the subject matter of the alleged promise here, Elizondo's promissory estoppel claim is barred as a matter of law. *See Rachal*, 403 S.W.3d at 848; *Severs v. Mira Vista Homeowners Ass'n, Inc.*, 559 S.W.3d 684, 701 (Tex. App.—Fort Worth 2018, pet. denied) ("If, however, a valid contract between the parties covers the alleged promise, promissory estoppel is not applicable to that promise. Instead, the wronged party must seek damages under the contract." (quoting *El Paso Healthcare Sys., Ltd. v.*

17

*Piping Rock Corp.*, 939 S.W.2d 695, 699 (Tex. App.—El Paso 1997, writ denied))). Contrary to her assertions on appeal, Elizondo failed to present any evidence that she detrimentally relied on a promise not covered by the contact, and the trial court appropriately granted U.S. Bank's no-evidence motion for summary judgment on this claim. *Parker*, 514 S.W.3d at 220. We overrule Elizondo's consolidated issues.

### III. CONCLUSION

We affirm the trial court's judgment.

CLARISSA SILVA
Justice

Delivered and filed on the
28th day of October, 2021.

18